# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **TIMOTHY ALLEN ATCHISON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:24-cv-922 |
| | ) | |
| v. | ) | |
| | ) | Judge Trauger |
| **HUBBELL INDUSTRIAL** | ) | |
| **CONTROLS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

Howell O'Rear (BPR #26509)
Seth M. McInteer (BPR #26471)
McInteer & O'Rear PLC
2209 Crestmoor Rd., Ste. 310
Nashville, TN 37215
howell@mcolawfirm.com
seth@mcolawfirm.com
Ph. 615-724-6207
Fax 615-523-1311

William E. Bradley (*pro hac vice*)
Kyle G. Hepner (*pro hac vice*)
Robinson & Cole LLP
1201 Pennsylvania Avenue, NW, Ste. 820
Washington, DC 20004
wbradley@rc.com
khepner@rc.com
Ph. 771-213-5602

*Counsel for Hubbell Industrial Controls, Inc.*

# INTRODUCTION[1]

Plaintiff's Response to Defendant's Motion to Dismiss ("Response" or "Resp.") is filled with numerous assertions that ultimately lack substance. It relies on exaggerated arguments, irrelevant points, and distractions to create the illusion of merit. However, when these are set aside, the Response fails to provide any valid reason for the Court to deny the Motion. This Reply addresses key arguments and reserves the right to address others due to space constraints.

## I. The Court May Properly Treat Defendant's Motion as a Motion to Dismiss

Pursuant to the Sixth Circuit's "liberal view" of matters falling within the pleadings for a Rule 12(b) motion, *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001), this Court may properly consider Hubbell's exhibits without converting the Motion. *Pictsweet Co. v. R.D. Offutt Farms Co.*, No. 3:19-cv-00722, 2021 WL 4034222, at *8 (M.D. Tenn. Sep. 3, 2021). The court may consider "public records … and exhibits attached to defendant's motion … so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.* "[E]xtrinsic materials that 'fill in the contours and details' of a complaint,' [] may be considered without converting the motion to one for summary judgment." *Id.* (quoting *Yeary v. Goodwill Indus.-Knoxville*, 107 F.3d 443, 445 (6th Cir. 1997)). As set forth in the Memorandum, each exhibit qualifies under this standard. Rather than engaging on this standard over his four pages of discussion, Plaintiff merely concludes by asking, "Where in Defendant's Memorandum, is there any explanation of how the materials appended to the Memorandum may be considered under Rule 12 standards?" (Resp. 5-6.) To recapitulate, Exhibits 1 and 2 are Secretary of State records. (Mem. 5.) Exhibit 3—a near-verbatim recitation of what Plaintiff identifies as his IP—is effectively referenced in the Complaint and is central to the claims because it demonstrates that

---

[1] Defined terms have the meanings set forth in Hubbell's Memorandum of Law in Support of Defendant's Motion to Dismiss [Dkt. 21].

Powerohm and Hubbell sold this product on or before March 2014, both undercutting Plaintiff's substantive claims and establishing the beginning of the statute of limitations. (*Id.* 6-7.) Exhibit 4 is Plaintiff's Petition, some of the substance of which (*e.g.*, whether he had a partnership or contingent claims) is referenced in the Complaint and which is central to the claims. (*Id.* 7.) The Court can consider these exhibits on this Motion. If the Court concludes otherwise, Hubbell requests that it disregard such material.

## II.     The Statute of Limitations Has Passed on All State-Law Claims

The Court should dismiss the state-law claims because Plaintiff himself pleaded sufficient facts to conclude that the statute of limitations has passed. By silence, Plaintiff concedes that his contract claim (Joint Venture/Accounting) is subject to a six-year statute of limitations without any tolling. Plaintiff even cites a case that stands for this proposition. (Resp. 14 (citing *Dean Witter Reynolds, Inc. v. McCoy*, 853 F. Supp. 1023, 1036 (E.D. Tenn. 1994) ("There is no authority under Tennessee law for taking the discovery rule used in personal injury tort cases and applying it to the present contract action.")).) Plaintiff pleaded an unresolved breach of the Collaboration in or before 2015, (Compl. 13), requiring Plaintiff to have filed suit by 2021. Even if the discovery rule applies, this allegation would have started the limitations period because of the notice to Plaintiff of the first injury—the pre-2015 breach.

Plaintiff's other claims fare no better. Plaintiff pleaded facts that put him on notice of these claims no later than 2015. (Mem. 10-11.) To avoid the statute of limitations, Plaintiff obfuscates about the sale of Powerohm (Resp. 9-10) and the marketing of the BPM (*Id.* 20). Contrary to the assertion in the Response, as alleged in the Complaint, Hubbell acquired Powerohm before the alleged fraudulent conduct. The Complaint further alleges Plaintiff's awareness of and lack of participation in the transaction—conduct that would put a partner or

2

Case 3:24-cv-00922    Document 28    Filed 12/17/24    Page 3 of 7 PageID #: 304

joint venturer on notice of his claims. Next, Plaintiff contends that it is not relevant that Powerohm was "marketing a form of the Brake Power Modules in 2014" because that was its "broad business." (*Id.* 20.) This contention ignores that Powerohm was selling the exact same BPM that Plaintiff now claims as his IP, not just any BPM. (Mem. 6, 10.) Because Plaintiff's responsibilities at Powerohm and Hubbell involved working with this exact product, he was obviously aware that Hubbell was selling the same BPM that he claims is the basis of this lawsuit before his separation in July 2015. The statute of limitations on these state-law claims, therefore, ran from that day or earlier. As is clear from the Complaint and the Response, Plaintiff cannot identify any changes to Hubbell's BPM from 2014 that would reset this date because there are none.

**III.   The Complaint Alleges Facts Inconsistent with a Partnership or Joint Venture**

The Response confirms that Plaintiff did not plead the *sine qua non* for each—profit sharing or equal control, respectively. Plaintiff concedes, as in the Complaint, that he lacked profit-sharing rights in the Collaboration by noting his entitlement only to a percentage of gross receipts. (Resp. 9; Compl. 7, 11, 15.) Such compensation is not profit sharing required for a partnership. *E.g.*, *Messer Griesheim Indus. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457, 472 (Ct. App. Tenn. 2003) ("We are further compelled to point out the distinction between profits and gross revenues."); *Doane v. City of Oakridge Tenn.*, 898 S.W.2d 728, 731 (Ct. App. Tenn. 1995) ("[T]he payment of rent based on a percentage of gross revenues … does not comprise the sharing of profits or losses in a partnership arrangement.") Plaintiff's own authority confirms this outcome. (Resp. 6 (citing *Wantiez v. Carlson*, Knox Chancery C.A. # 637, 1986 WL 1151, at *2-3 (Tenn. Ct. App. Jan. 28, 1986) ("[S]haring of profits and losses" is an element of a partnership claim.).) Further, with respect to the joint venture claim, Plaintiff never addresses Hubbell's

3

contention that the Complaint only pleads Plaintiff's partial control (as opposed to equal control) of the Collaboration (Mem. 14) and, therefore, fails to state a claim.

## IV. The Complaint Lacks Allegations to State Fraud and Unjust Enrichment Claims

Plaintiff devotes extensive attention to legal standards and the supposition of fact intensity without addressing the specific facts and legal arguments showing he cannot establish a claim for relief under fraud or unjust enrichment presented.

- Plaintiff appears to assert a fraudulent concealment cause of action not set forth in the Complaint. *Compare* Resp. 13-21 *with* Compl. 27-31. To the extent that the Complaint can be read to include such a claim, it suffers the same defects as the other fraud-like claims at issue in the Motion.

- Plaintiff does not respond to and appears to concede Hubbell's contention that there was no fraudulent misrepresentation with respect to the formation of the Collaboration. (Mem. 16-17.) The Court should dismiss any such claim.

- Plaintiff appears to contend that the single instance of reliance for purpose of his fraud claim is the surrender of files in the context of his separation from Hubbell in July 2015. (Resp. 15.) This alleged reliance is inadequate to state a claim because he provided information to Hubbell that it already possessed. The "technical factual allegations which comprise the subject matter of the joint venture," replicated at Complaint pages 18 through 21, appear nearly verbatim in Hubbell's Instruction Manual, produced for customers in at least March 2014. Additionally, employers do not collect valueless technical information. In this context, Plaintiff's purported reliance is unreasonable.

- Plaintiff again highlights no facts that could plausibly support a confidential relationship claim given Tennessee law's presumption that arm's length negotiations and at-will employment do not give rise to confidential relationships.

## V. The Court Lacks Jurisdiction to Hear Plaintiff's Putative Patent Claim

As elsewhere, Plaintiff spills pages of ink—this time, three pages—on his alleged patent claim while both lacking the legal condition precedent for such a claim and failing to explain how he can proceed despite the lack of a predicate. A district court lacks subject matter jurisdiction over a claim based on a provisional patent, and such a claim must be dismissed under Rule 12(b)(1). *E.g.*, *Crosby v. Bazos*, Case No. 2:22-cv-716, 2022 WL 2713899, at *2 (S.D. Ohio July 13, 2022) (citing *Amgen, Inc. v. Genetics Inst., Inc.*, 98 F.3d 1328, 1332 (Fed. Cir. 1996)) (A patent claim "cannot be brought prior to a patent being issued."); *Simic-Glavaski v. Lifewares Techs., Inc.*, No. 1:07CV2718, 2008 WL 423414, at *1 (N.D. Ohio Feb. 14, 2008) (citing *E.I. Du Pont de Nemours & Co. v. Okuley,* 344 F.3d 578, 583–84 (6th Cir. 2003)) (holding that district courts lack authority to litigate patent claims until patent issues).

## CONCLUSION

For the foregoing reasons, the Court should dismiss all causes of action in Plaintiff's Complaint.

Dated: December 17, 2024                                          Respectfully submitted,

| | |
|---|---|
| William E. Bradley (*pro hac vice*) | */s/ Howell O'Rear* |
| Kyle G. Hepner (*pro hac vice*) | Howell O'Rear (BPR #26509) |
| Robinson & Cole LLP | Seth M. McInteer (BPR #26471) |
| 1201 Pennsylvania Avenue, NW, Ste. 820 | McInteer & O'Rear PLC |
| Washington, DC 20004 | 2209 Crestmoor Road, Ste. 310 |
| wbradley@rc.com | Nashville, TN 37215 |
| khepner@rc.com | howell@mcolawfirm.com |
| Ph. 771-213-5602 | seth@mcolawfirm.com |
| | Ph. 615-724-6207 |
| | Fax 615-523-1311 |

*Counsel for Hubbell Industrial Controls, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was electronically filed with the Court using the CM/ECF system to the following on December 17, 2024:

>Wm. Kennerly Burger (BPR #3731)
>Burger Law Firm
>12 North Public Square
>Murfreesboro, TN 37130
>T: 615-893-8933
>F: 615-893-5333
>kenburger@comcast.net

>>/s/ *Howell O'Rear*