IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TIMOTHY ALLEN ATCHISON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HUBBELL INDUSTRIAL ) <br> CONTROLS, INC., ) <br> ) <br> Defendant. ) | Case No. 3:24-cv-922 <br><br> Judge Trauger |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND THE COMPLAINT**

Defendant disagrees that an amended complaint is the appropriate way to handle the inclusion of the new exhibit (Doc. No. 30-1) and instead believes the exhibit can be considered as an exhibit to Plaintiff's Response to Defendant's Motion to Dismiss (Doc. No. 25) ("Plaintiff's Response"). As explained to Plaintiff in an email as part of the meet and confer process, an amended complaint would require Defendant to redraft and resubmit its Motion to Dismiss (Doc. No. 20). This would then require further drafting and resubmission of Plaintiff's Response and Defendant's Reply (Doc. No. 28). This is an inefficient use of the parties' and the Court's resources. Plaintiff did not agree to Defendant's proposal and filed its motion as opposed.

Defendant therefore requests that the Court deny Plaintiff's Corrected Motion for Complaint Amendment (Doc. No. 30), and instead treat Doc. 30-1 as an exhibit to Plaintiff's Response. Doc. 30-1 does not present any facts that would refute the arguments raised in Defendant's Motion to Dismiss, and its inclusion on the record would not prejudice Defendant. Further, as Doc. No. 30-1 is referenced in the Complaint the Court may consider it in the context

of a Rule 12 Motion. *See* Pictsweet Co. v. R.D. Offutt Farms Co., No. 3:19-cv-00722, 2021 U.S. Dist. LEXIS 167779, at *26-27 (M.D. Tenn. Sep. 3, 2021)(J. Trauger)(The court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."). "[E]xtrinsic materials that 'fill in the contours and details' of a complaint,' [] may be considered without converting the motion to one for summary judgment." Id. (quoting Yeary v. Goodwill Industries- Knoxville, 107 F.3d 443, 445 (6th Cir. 1997)).

     For the foregoing reasons, the Court should deny Plaintiff's Motion but consider the exhibit as part of Plaintiff's Response.

Respectfully submitted,

Dated: January 2, 2025

/s/ Howell O'Rear
Howell O'Rear (BPR #26509)
Seth M. McInteer (BPR #26471)
McInteer & O'Rear PLC
2209 Crestmoor Rd., Ste. 310
Nashville, TN 37215
howell@mcolawfirm.com
seth@mcolawfirm.com
Ph. 615-724-6207
Fax 615-523-1311

William E. Bradley (*pro hac vice*)
Kyle G. Hepner (*pro hac vice*)
Robinson & Cole LLP
1201 Pennsylvania Avenue, NW, Ste. 820
Washington, DC 20004
wbradley@rc.com
khepner@rc.com
Ph. 771-213-5602
*Counsel for Hubbell Industrial Controls, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was electronically filed with the Court using the CM/ECF system to the following on January 2, 2025:

>Wm. Kennerly Burger (BPR #3731)
>Burger Law Firm
>12 North Public Square
>Murfreesboro, TN 37130
>T: 615-893-8933
>F: 615-893-5333
>kenburger@comcast.net

>/s/ *Howell O'Rear*