IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **TIMOTHY ALLEN ATCHISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:24-cv-922** |
| | ) | |
| **v.** | ) | |
| | ) | **Judge Trauger** |
| **HUBBELL INDUSTRIAL CONTROLS, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S ANSWER

Defendant, HUBBELL INDUSTRIAL CONTROLS, INC. ("Hubbell" or "Defendant"), by and through its undersigned counsel, submits its Answer to Plaintiff TIMOTHY ALLEN ATCHISON's ("Atchison" or "Plaintiff") Complaint. Hubbell reserves the right to amend this Answer when and if it becomes appropriate to do so. Except as specifically admitted below, Hubbell denies the allegations in the Plaintiff's Complaint.[1]

## ANSWER

### I. INTRODUCTORY/JURISDICTIONAL STATEMENT:

A. Hubbell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on this basis, denies them.

B. Hubbell admits it is a Delaware corporation but denies the remainder of the allegations in Paragraph I(B).

[1] The unorthodox paragraph numbering in the Complaint was followed in preparing the Answer and the headings and sub-headings are not believed to require a response except where indicated.

C. Hubbell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on this basis, denies them.

D. Hubbell admits Plaintiff presents alternative claims against Hubbell, but Hubbell denies the basis of each claim.

E. Hubbell admits Plaintiff seeks remedies and a jury trial, but Hubbell denies the basis of each category of requested relief and the right to a jury trial for the single equitable claim remaining in the Complaint.

## II. MATERIAL FACTS RELEVANT TO THE PLAINTIFF'S CLAIMS

### A. Plaintiff's training and vocational history with Bonitron and Powerohm Resistors, Inc.:

(1) Hubbell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on this basis, denies them.

(2) Hubbell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on this basis, denies them.

(3) Hubbell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on this basis, denies them.

(4) Denied.

(5) Hubbell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on this basis, denies them.

(6) Hubbell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on this basis, denies them.

(7) Hubbell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on this basis, denies them.

(8) Hubbell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on this basis, denies them.

(9) Hubbell admits that Complaint exhibit #1 includes copies of Provisional Patent Applications filed by Plaintiff, but denies the balance of this paragraph

(10) Denied.

(11) Hubbell admits that Complaint exhibit #1 includes a Provisional Patent Application filed by Plaintiff, but denies the balance of this paragraph

**B. Plaintiff's confidential relationship with Powerohm's Mike Crowe, Vance Hinton; the resulting joint venture; and, subsequently, Hubbell:**

(1) Denied.

(2) Denied.

(3) Denied.

(4) Denied.

(5) Hubbell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on this basis, denies them.

(6) Hubbell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on this basis, denies them.

(7) Hubbell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on this basis, denies them.

(8) Hubbell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on this basis, denies them.

(9) Denied.

**C. The Powerohm/Hubbell relationship:**

(1) Hubbell admits the negotiated sale of Powerohm to Hubbell in 2014, but otherwise denied.

(2) Denied.

(3) Denied.

(4) Denied.

**D. Defendant Hubbell's false promises in initially adopting, and then implying/pretending rejection, of the marketing of Plaintiff's BPM "Power Electronics" joint venture:**

(1) Denied.

**E. Hubbell's abrupt repudiation and contrived lack of interest:**

Denied.

**F. Plaintiff's Contrived, Abrupt Termination:**

Denied.

**G. Defendant Hubbell's concealment of the conversion of Plaintiff's intellectual property:**

(1) Denied.

**H. Plaintiff's Delayed Awareness of the Conversion of his intellectual property:**

(1) Denied.

(2) Denied.

**I. Plaintiff's enlightenment**:

(1) Denied.

(2) Denied.

(3) Denied.

(4) Denied.

**J. Description of the technically unique product design:**

(1) Denied.

(a) Denied.

(b) Denied.

(c) Denied.

(2) Denied.

**(a) THE BG SERIES MOTHERBOARD**

(1) Denied

(2) Denied

(3) Denied

(4) Denied.

(5) Denied

(6) Denied

(7) Denied

(8) Denied.

**(b) PLAINTIFF'S IMPEDANCE DETECTOR DESIGN**

(1) Denied.

(2) Denied.

**(c ) INSTANTANEOUS UNDER-VOLTAGE MONITOR CIRCUIT:**

Denied.

**(d) INSTANTANEOUS OVER-VOLTAGE MONITOR CIRCUIT:**

Denied.

**(e ) IGBT (POWER TRANSISTOR) SHORTED:**

Denied

**(f) IOC:**

(1) Denied.

(2) Denied.

**(g) DUAL PURPOSE IOC:**

(1) Denied.

**(h) IOC LOCKOUT:**

Denied.

**(i) OVER TEMPERATURE DETECTION**

Denied.

**(j) CONTROL LOOP:**

Denied.

**(k) BUS FEEDBACK/REGULATOR CIRCUIT:**

(1) Denied.

(2) Denied.

(3) Denied.

**(l) UNIQUE FRONT PANEL LED CONCEPTION:**

(1) Denied.

(2) Denied.

(3) Denied.

**(m) COMMUNICATIONS MONITORING AND CONTROL:**

Denied.

**(n) ISOLATION BARRIER:**

(1) Denied.

(2) Denied.

(3) Denied.

(4) Denied.

**(o) FIBER OPTIC SLAVE MODULE (FOLLOWER) CONTROL:**

Denied.

**(p) CONTROL PULSE (TO SLAVE MODULES) ISOLATION:**

Denied.

## III. PLAINTIFF'S CAUSES OF ACTION

**A. Joint Venture/accounting:**

Denied. This claim has been dismissed by the Court under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and therefore no response is required.

**B. Unjust Enrichment:**

Denied.

**C. Fraud and Intentional Misrepresentation by Defendant Hubbell:**

Denied. This claim has been dismissed by the Court under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and therefore no response is required.

**D. Constructive Trust/Confidential Relationship:**

Denied. This claim has been dismissed by the Court under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and therefore no response is required.

**E. Patent Violation:**

Denied. This claim has been dismissed by the Court under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and therefore no response is required.

Concluding unnumbered paragraph: Denied.

## AFFIRMATIVE DEFENSES

In addition to the defenses described below, Hubbell specifically reserves the right to allege additional defenses as they become known through the course of discovery.

### First Affirmative Defense
### (Statute of Limitations)

Plaintiff's claims are barred by the applicable statute of limitations.

### Second Affirmative Defense
### (No Unjust Enrichment)

The conduct complained of is legal, earned, justified, innocent, and does not involve any intellectual or other property rights owned or controlled by Plaintiff.

### Third Affirmative Defense
### (Valid Contract)

Hubbell purchased all right, title, and interest to all Powerohm technology and products via a valid Purchase Agreement contact in 2014.

### Fourth Affirmative Defense
### (No Benefit Conferred)

Hubbell did not receive the benefit complained of from Plaintiff, as Plaintiff had no rights in the technology at the time of the complained of conduct.

**Fifth Affirmative Defense**
**(Scope of Employment Contract)**

Plaintiff was operating under an employment agreement at all times and does not have any ownership rights to any technology used by Hubbell.

**Sixth Affirmative Defense**
**(Shop Right)**

Any work of Plaintiff during his employ in making, using, producing, or commercializing the technology created no less than a shop right providing Hubbell the right to continue exploiting the technology without any additional compensation beyond employment wages.

**Seventh Affirmative Defense**
**(Change of Position)**

Hubbell purchased Powerohm and all its technology and materially changed its position and operations related to that technology more than 10 (ten) years ago, making any equitable relief unjust and unwarranted.

**Eighth Affirmative Defense**
**(Estoppel)**

Plaintiff is estopped from pursuing its claim given the failure to assert rights, the denial of any such rights, and failure to assert rights at any time before, during, or after his employment.

**Ninth Affirmative Defense**
**(Laches, Waiver, and/or Acquiescence)**

Plaintiff's failure to pursue any rights or remedies related to his alleged claims for an inexcusable length of time, despite not being provided any of the complained of compensation or royalties during or after his employment, signals no such compensation or royalties were due or

were being claimed, which bars recovery under the equitable doctrines of laches, waiver, and acquiescence.

**Tenth Affirmative Defense**
**(No Loss to Plaintiff)**

Plaintiff did not have any ownership in the accused technology of Hubbell's products. Plaintiff was working with the technology and that work was within the scope of his employment. Hubbell purchased rights to any of the accused technology from Powerohm, and Plaintiff has suffered no loss from the actions of Hubbell.

**Eleventh Affirmative Defense**
**(Impossibility of Counter-Restitution)**

The passage of time, the purchase of Powerohm, Plaintiff's employment, and the fact that the technology was not legally protected from third-party reverse engineering and copying makes it impossible to assess a value of any lead time the technology disclosure could be entitled to.

**Twelfth Affirmative Defense**
**(Unclean Hands)**

Plaintiff denied ownership of any intellectual property when it was to his personal benefit and asserted patent rights and other rights in this proceeding without having any such rights.

**Thirteenth Affirmative Defense**
**(No Legal or Equitable Recovery)**

Plaintiff has not suffered any equitable or legally recoverable damages as a result of any conduct by Hubbell.

**Fourteenth Affirmative Defense**
**(General Denial)**

Hubbell has not engaged in any wrongful conduct or received any unjust enrichment as alleged in Plaintiff's Complaint.

## DEMAND FOR JURY TRIAL

Hubbell demands a jury trial on all issues triable to a jury.

## REQUEST FOR RELIEF

WHEREFORE, Defendant Hubbell Industrial Controls, Inc. requests the Court enter judgment as follows:

a) Entering judgment that Plaintiff takes nothing by its Complaint;

b) Dismissing the remaining claim in Plaintiff's Complaint;

c) Entering judgment that Defendant has not been unjustly enriched and is operating within the scope of its rights and its conduct was, is, and continues to be lawful as it relates to the accused technology;

d) Awarding Defendant its costs, fees, and expenses for this action; and,

e) Awarding such other relief and further equitable and monetary relief as the Court deems just and proper.

Dated: April 14, 2025

Respectfully submitted,


William E. Bradley (*pro hac vice*)
Kyle G. Hepner (*pro hac vice*)
Robinson & Cole LLP
1201 Pennsylvania Avenue, NW, Ste. 820
Washington, DC 20004
wbradley@rc.com
khepner@rc.com
Ph. 771-213-5602

*/s/ Howell O'Rear*
Howell O'Rear (BPR #26509)
Seth M. McInteer (BPR #26471)
McInteer & O'Rear PLC
2209 Crestmoor Road, Ste. 310
Nashville, TN 37215
howell@mcolawfirm.com
seth@mcolawfirm.com
Ph. 615-724-6207
Fax 615-523-1311

*Counsel for Hubbell Industrial Controls, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was electronically filed with the Court using the CM/ECF system to the following on April 14, 2025:

Wm. Kennerly Burger (BPR #3731)
Burger Law Firm
12 North Public Square
Murfreesboro, TN 37130
T: 615-893-8933
F: 615-893-5333
kenburger@comcast.net

/s/ *Howell O'Rear*