IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Timothy Allen Atchison, ) | |
| ) | |
| Plaintiff, ) | Civil No.3:24-cv-0922 |
| ) | Judge Trauger |
| v. ) | |
| ) | JURY DEMAND |
| Hubbell Industrial Controls, Inc. ) | |
| ) | Hearing: May 5, 2025 at 1pm |
| Defendant. ) | |

# INITIAL CASE MANAGEMENT ORDER

**A.    JURISDICTION:**

The court has jurisdiction pursuant to 28 U.S.C. 1332 (Diversity). Jurisdiction is not disputed.

**B.    BRIEF THEORIES OF THE PARTIES:**

    **1)    PLAINTIFF:**

Plaintiff Atchison was an engineer/salaried employee who worked for Defendant Hubbell and its predecessor in selling and maintaining heavy industrial equipment. The equipment was marketed internationally for various industrial settings. In that routine, salaried employment relationship, Mr. Atchison developed (from his home, in his "off-time") several unique "brake power module" innovations. Immediately, Mr. Atchison discussed with his employer the details of the innovations (as elaborately set forth in the Complaint), including drawings, diagrams, calculations, and similar personal work product.

If it is true (as claimed by Defendant) that--independent of Mr. Atchison--the equipment innovations were "already on the market," a threshold fact inquiry is important: why is an employer consulting with a routine employee about the financing status for a new business

1

entity? With no other reason other than the development and marketing of Mr. Atchison's innovations, Hubbell (following its predecessor) had no other reason to set up a separate legal entity with Mr. Atchison, "Power Electronics," for which Atchison was designated registered agent. The new business "principal address" was to be Mr. Atchison's residence in Gallatin.

In the year after Mr. Atchison delivered most of his schematic diagrams and calculations to Hubbell's representative, Plaintiff contends that he was then told that the innovations that had initially generated Hubbell's excited enthusiasm would not be practicable for marketing or further development. Shortly thereafter, Mr. Atchison was terminated without explanation from his engineering job, despite prior years of good performance ratings. On the employer's advice, Mr. Atchison abandoned any further effort or thought regarding the development and financial exploitation of the technical innovations. Exclusively, those innovations had been the sole basis for the efforts by Powerohm and Hubbell in setting up "Power Electronics" in an ambiguous and informal business arrangement with an employee. While later researching other related topics, Mr. Atchison discovered that Hubbell had proceeded with his "schematic drawings and diagrams, and that the elaborate innovations described in the Complaint had been taken without compensation.

    2) **DEFENDANT:**

The technology at issue was already incorporated into the BG Brake products of Powerohm prior to Hubbell's acquisition of Powerohm in 2014. The BG Brake products have not changed post-acquisition. Plaintiff worked for Powerohm and joined Hubbell when the company was acquired. He was employed as an engineer in the department that worked with the BG Brake products. Plaintiff knew the technology was in the products both pre and post-acquisition and thus the applicable statute of limitations expired before the Complaint was filed.

Plaintiff also does not have a claim of unjust enrichment as Hubbell has done nothing unjust, lawfully acquired Powerohm and all of its technology via its purchase, and Plaintiff provided no benefit to Hubbell outside the scope of his employment.

**C.  ISSUES RESOLVED:**

Jurisdiction and venue.  Claims of patent infringement, breach of contract, joint venture/accounting, fraudulent concealment, and breach of fiduciary duty have been dismissed under Fed. R. Civ. P. 12(b)(6).

**D.  ISSUES STILL IN DISPUTE:**

Liability and damages for unjust enrichment.

**E.  INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before **May 12, 2025.**

**F.  DISCOVERY:**

The parties shall complete all written discovery and depose all fact witnesses on or before **October 15, 2025**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

**G.  MOTIONS TO AMEND:**

The parties shall file all Motions to Amend on or before May 19, 2025.

**H.  DISCLOSURE OF EXPERTS:**

The plaintiff shall identify and disclose all expert witnesses and expert reports on or

before **August 1, 2025**. The defendant shall identify and disclose all expert witnesses and reports on or before August 21, 2025.

I.  DEPOSITIONS OF EXPERT WITNESSES:

The parties shall depose all expert witnesses on or before **September 15, 2025**.

J.  JOINT MEDIATION REPORT:

The parties will discuss the prospect of engaging in a formal mediation toward the end of fact discovery or earlier, if agreed to. Following this discussion, the parties will file a Joint Mediation Report that informs the court whether they will be mediating and, if so, the name of the mediator and the date scheduled for the mediation. The Joint Mediation Report will be filed by **October 1, 2025**.

K.  DISPOSITIVE MOTIONS:

The parties shall file all dispositive motions on or before **November 15, 2025**. Responses to dispositive motions shall be filed within twenty one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 25 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L.  ELECTRONIC DISCOVERY.

The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M.  ESTIMATED TRIAL TIME:

The parties expect the trial to last approximately **six (6)** days.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Court Judge


Approved:

BURGER LAW FIRM

*/s/Wm Kennerly (Ken) Burger (BY HGO w/p 4/24)*
Wm Kennerly (Ken) Burger, BPR #3731
*Attorney for Plaintiff*
12 North Public Square
Murfreesboro, TN 37130
T: 615-893-8933; F: 615-893-5333
kenburger@comcast.net


McINTEER & O'REAR PLC

*/s/Howell O'Rear*
Howell O'Rear, BPR # 26509
Seth M. McInteer, BPR # 26471
*Attorneys for Defendant*
2209 Crestmoor Road, Suite 310
Nashville, TN 37215
T: 615-724-6207; F: 615-523-1311
howell@mcolawfirm.com
seth@mcolawfirm.com


ROBINSON & COLE LLP

*/s/William E. Bradley*
William E. Bradley *(pro hac vice)*
Kyle G. Hepner *(pro hac vice)*
1201 Pennsylvania Ave NW, Suite 820
Washington, DC 20004
T: 771-213-5602
wbradley@rc.com