IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FOR TENNESSEE

| TIMOTHY ALLEN ATCHISON | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action Number 3:24-cv-922 |
| v. | ) | Jury Demand |
| | ) | Judge Trauger |
| HUBBELL INDUSTRIAL CONTROLS, INC., | ) | |
| Defendant. | ) | |

**JOINT DISCOVERY DISPUTE STATEMENT**

Pursuant to Fed. R. Civ. P. 26 and LR 37.01(b), the parties respectfully jointly submit this discovery dispute statement concerning counter-allegations regarding the sufficiency of each respective parties responses to the other's discovery requests. The parties have met and conferred on the issues to no avail and respectfully request a conference with the Court in furtherance of a resolution of remaining issues.

**PLAINTIFF'S POSITION**

1. Pursuant to LR 37.01, and FRCP Rule 37, Plaintiff identifies the need to file a Motion to Compel Discovery, upon Plaintiff's allegation that the Defendant has not engaged in good faith efforts to answer narrowly-focused, concisely-stated interrogatories and document production requests, as detailed below, and attached.

2. Plaintiff requested a telephone conference with opposing counsel in an attempt to resolve the discovery impasse. On Friday, July 11, 2025, Plaintiff's counsel and Defendant's

counsel (Mr. Kyle Hepner) engaged in an extended telephone discussion, in an attempt to resolve the differences of opinion regarding the status and quality of the discovery. Three "fact" clarification issues raised by the Defendant were discussed. Plaintiff, while asserting adequacy, agreed that the simple nature of the requested clarification justified further response. The requested clarifications will be provided.

3. However, none of the serious discovery defaults asserted by the Plaintiff were resolved. In a good faith recognition of the complexity of the case, Plaintiff **informally** provided to the Defendant more than nine months ago (in **September 2024)** the already prepared discovery, in order to allow the Defendant adequate time to identify an appropriate supporting affiant, and to formulate answers to the questions. That was done in recognition of the acknowledgement by both parties that the long passage of time that preceded the Plaintiff's discovery of Hubbell's marketing of Plaintiff's personal intellectual property has placed both parties in a challenging position to assemble (from many old records) the documents which bear on the case issues, from the perspective of both sides.

4. As detailed below, it is Plaintiff's position that Defendant Hubbell has completely defaulted in its discovery duty, failing to provide factual statements to most of the straightforward questions.

5. Defendant's response deadline has passed with no submission of any technically-competent verification, upon a claim that the necessary affiant "was out of the county." Fifteen minutes before the parties' Friday telephone conference, Plaintiff received a purported "verification" signed by "Stephen Paul." As briefed below in Plaintiff's Statement of Position, the document provided is not a competent "verification." As a result, weeks after the Defendant's deadline, the important questions remain unanswered. Defendant places Plaintiff at a substantial

Page 2 of 17
Case 3:24-cv-00922    Document 52    Filed 08/01/25    Page 2 of 17 PageID #: 507

preparation disadvantage, in attempting to push forward with various witness depositions, while having provided only a general statement (see attached) that the responses might, or might not, be accurate. Fundamentally, Hubbell cites the representative's generic reliance upon unidentified "documents," disregarding the fundamentals of the Federal Rules of Evidence: at least a broad description of documents that were **maintained by Hubbell in the ordinary course of business (FRE Rule 803(6)),** and that **the affiant's routine job duties** involve (at least) some awareness of the credibility of those documents. Mr. Paul's proffered "verification" contains neither. Indeed, it states the opposite, saying only that he looked at some documents that were "provided to me." As presented, the verification is not competent support for the required good faith, competent answers, contrary to the requirements of FRCP Rule 33 and FRE Rule 803(6).

    6.    **In order of priority (from Plaintiff's perspective), Plaintiff identifies the following unresolved discovery issues:**

    (a)    **Inadequate Verification:** Without repeating the substance of the issue, Plaintiff's primary concern is that no discovery has been answered, since **there is no real verification and only general, evasive statements.** Plaintiff requests that Defendant be required to provide a credible, competent witness who can provide a technically competent oath to support the credibility of the information provided to the corporate representative, so that the answers presently relied upon carry some evidentiary weight and credibility upon which Plaintiff may rely.

    (1)    FRCP Rule 33 describes the response necessary from the Defendant:

> "(b) Answers and Objections.
>
> > (1) *Responding Party.* The interrogatories must be answered:
> >
> > > (A) by the party to whom they are directed; or

> (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party…
>
> (5) *Signature.* The person who makes the answers must sign them, and the attorney who objects must sign any objections."

(2) Although interrogatory answers are not binding judicial admissions, they are "in the nature of evidence," and may be used in meeting the requirements for a motion for summary judgment. *Bradley v. Allstate Insurance Company*, 620 F.3d 509, Footnote 21 (5th Cir. 2010) (citing *Kohler v. Jacobs*, 138 F.2d 440, 441 (5th Cir. 1943)). The evidentiary competence mandated by FRCP Rule 56 therefore applies to interrogatory responses. The factual foundation to materials referenced in FRCP Rule 56 requires basic evidentiary competency:

> "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, **set out facts that would be admissible in evidence**, and show that the affiant or declarant is **competent to testify on the matters stated**." FRCP Rule 56(c)(4).

(3) "[T]he representative must have a basis for signing the responses and for thereby stating on behalf of the corporation that the responses are accurate." *Shepherd v. American Broadcasting Companies, Inc.*, 62 F3d 1469, 1482 (D.C. Cir. 1995); also see *Jiminez-Carillo v. Autopart International, Inc.*, 285 F.R.D. 668, 670 (USDC, S.D. Fla. 2012). The answers provided by the representative responding on behalf of the corporate entity "must speak of the composite knowledge of the party—whether or not that officer or agent has personal knowledge of the facts."

*Law v. National Collegiate Athletic Assn*, 167 F.R.D. 464, 476 (USDC Kan. 1996). "[W]hoever answers the interrogatories, the answers must include whatever information is available to the party." *Id*. at 476 (citing *Moore's Federal Practice*, ¶ 33.07 at 33 – 50). In providing a verification under Rule 33, "the agent must respond to the extent that such information is reasonably obtainable and within the possession, custody, or control of the agency." *Gingerich v. City of Elkhart Probation Dept*., 273 F.R.D. 523, 541 (USDC Ind. 2011) (citing *Tyler v. Suffolk County*, 256 F.R.D. 34, 38 (D.Mass.2009)). "A representative of a corporate party may verify interrogatory answers without personal knowledge of every response by furnishing the information available to the corporation." <u>Federal Civil Rules Handbook</u>, Baicker-McKee, 2016, Page 913, referencing *Shepherd v. American Broadcasting Companies, Inc.*, 62 F3d 1469, 1482 (D.C. Cir. 1995); and *Gingerich v. City of Elkhart Probation Dept*., 273 F.R.D. 523, 541 (USDC Ind. 2011).

(4) It is Plaintiff's respectful insistence that a corporate representative's "verification" must set forth at least some minimal statement of evidentiary competency, which the present verification does not. The present verification ignores the routine admissibility requirements of the <u>Federal Rules of Evidence</u>. If the Hubbell representative has reviewed records, he must: (i) at least generally identify what he has reviewed; (ii) state that he knows, as corporate representative, that those records upon which he has provided his statement of facts, were "maintained in the ordinary course of business" by Hubbell; and (iii) that, based on his representative capacity, his routine duties involve knowledge of the credibility of

those "routinely-maintained" business records. The present verification does not approach that minimal requirement.

(5) Regarding competency of business records, Rule 803(6) of the Federal Rules of Evidence, provides:

> "The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: …
>
> **Records of a Regularly Conducted Activity**. A record of an act, event, condition, opinion, or diagnosis if:
> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) **all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and**
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Rule 803, Federal Rules of Evidence.

**(b)** **Deficient Content:** Further, the content of the Defendant's interrogatory responses is inadequate. Plaintiff provided over 30 pages of factual detail in response to Defendant's 12 questions, **without a single objection**, fully answering (to the best of his present ability). Conversely, Defendant has literally objected to every question submitted by the Plaintiff, directly addressing only very few substantive facts. With nine months to prepare the answers, Defendant repeatedly states that it has none. If that is to be Hubbell's position (and from the perspective of the pending Rule 30(b)(6) representative deposition), so be it. Defendant should not be permitted to answer direct factual inquiries with frivolous "relevancy" objections at this discovery stage, in order to later ambush

the Plaintiff at trial with information evaded in the interrogatories (and presumably in the pending FRCP Rule 30(b)(6) representative deposition. If Hubbell is comfortable with claiming "no knowledge," after months of opportunity to prepare (since September 2024), Plaintiff should be permitted to rely on the consistency of that absence of information, as the case proceeds to trial. **Plaintiff respectfully requests a ruling on that issue prior to the completion of any other depositions in the case**. Two depositions have been completed thus far. Plaintiff needs to know the answers to these important questions before further depositions proceed.

 **(c)**   **Incomprehensible/Unverified Documents:** Belatedly (shortly before the parties' telephone conference), Plaintiff was presented with many thousands of pages in what can only be described as a classic "document dump," without organization, description or context. With the verification of the purported representative omitting any credible support for a sworn answer to support those thousands of pages of documents, Plaintiff (once again) is willing to accept that lack of knowledge about what the thousands of pages may mean, if that is to remain the Defendant's position. With the absence of a supporting verification, or interrogatory responses that explain who might know what, and how, there has been no meaningful document production request that addresses the specific, narrowly-identified documents requested in the inquiry. Emphatically, it must be noted that Mr. Atchison has also provided a voluminous document presentation via Dropbox, in a timely manner. But, when Mr. Atchison's discovery deposition is completed, he will address and explain <u>each and every document</u> (many of

which he can prove pre-date his employment with Powerohm), and describe in detail the origin and relevancy of every piece of paper included in Plaintiff's document production responses. Plaintiff respectfully requests an even playing field on that subject, and, based upon the resulting unfair prejudice, requests that all further oral discovery depositions be stayed, pending a clarification from Hubbell that: (a) they indeed have no answers, and will not be providing answers at a later date; or (b) that they will immediately correct the defective verification, and the deficiencies in the content of the responses to Plaintiff's interrogatories and document production requests.

**(d)** **Remote Video Deposition Participation:**

(1) Hubbell has oddly objected to Mr. Atchison's counsel's remote video participation in upcoming discovery depositions. The explanation for that objection is that, "if Hubbell has to incur the expense of counsel's travel, why shouldn't Mr. Atchison?" That is a false equivalence. Hubbell is a wealthy corporation, and Mr. Atchison is relatively impoverished, struggling to financially support his ill mother, while earning a living. No prejudice occurs to Hubbell by Plaintiff's counsel participating through remote video. In June, Plaintiff's counsel participated remotely in the depositions of Vance Hinton and Mike Crowe following the separate coordination of Plaintiff's counsel with the court reporting service that had been obtained by Defendant. Defendant does not appear to have suffered any hardship by virtue of that remote participation, and both depositions were conducted and completed without issue. Further, no one is forcing Defendant's counsel to incur the travel expenses associated with an in-person

deposition. Obviously, Defendant has the option of conducting the deposition remotely, if it so chooses. Defendant's choice to fly their legal team to each and every deposition witness is entirely voluntary in 2025, and there is no reasonable basis for Plaintiff to be bound by Defendant's election to incur those same unnecessary travel expenses.

(2) <u>FRCP Rule 30(b)(4)</u> specifically contemplates completing the deposition "by remote means." **"Parties routinely conduct depositions via videoconference, and courts encourage the same, because doing so minimizes travel costs and permits the jury to make credibility evaluations not available when a transcript is read by another."** *U.S. v. One Gulfstream*, 304 F.R.D. 10, 18 (USDC D.C. 2014). "Where a party opposes a motion requesting that a deposition be conducted by remote means, it must make a 'particularized showing' of prejudice." *Webb v. Greentree Servicing, LLC*, 283 F.R.D. 276, 280 (USDC Maryland 2012) (citing *Jahr v. IU Intern. Corp.,* 109 F.R.D. 429, 432 (M.D.N.C. 1986)).

(3) In *Kirkland v. City of Maryville*, the Tennessee District Court describes the applicable standard under Rule 30:

> "[C]ourts routinely grant motions to take remote depositions pursuant to Rule 30(b)(4). *See, e.g., Guillen v. Bank of Am. Corp.*, No. 10-05825 EJD PSG, 2011 WL 3939690, at *1 (N.D. Cal. Aug. 31, <u>2011)</u> ('Leave to take depositions by telephone is granted liberally.' (citing *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008))); *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 431 (M.D.N.C. 1986) ('[L]eave to take telephonic depositions should be liberally granted in appropriate cases.'); *accord Hoeft v. Richardson*, 2009 WL 3242067, at *3 (W.D. Wis. Oct. 2, 2009) (quoting *Brown*, 236 F.R.D. at 312). The movant must only show a legitimate reason to take a deposition by remote means for a court to authorize such over the objection of an opposing party. *Kaseberg v. Conaco, LLC*, 2016 WL 8729927, at *5 (S.D. Cal. Aug. 19, <u>2016)</u> (quoting *Jahr*, 109 F.R.D. at

431). The burden is on the opposing party to show how they would be prejudiced. *Guillen v. Bank of Am. Corp.*, No. CIV.10-05825 EJD, 2011 WL 3939690, at *1 (N.D. Cal. Aug. 31, 2011)." *Kirkland v. City of Maryville*, 2020 WL 12863656, at 2.

## DEFENDANT'S POSITION

7.

As discussed below, each of Plaintiff's complaints regarding Hubbell's responses reflect a misunderstanding of the Federal rules applied to the scope and tools of discovery. In short, Hubbell's verification of responses was proper, Hubbell's prepared responses were proper, Hubbell's documents were produced as kept in the ordinary course of business and in native format, and Plaintiff does not have a right to demand remote depositions (and this issue was not raised during the Rule 26(f) and 16(b) process).

Plaintiff's interrogatory responses were evasive and failed to provide the requested facts or information which renders them non-responsive. *See* Fed. R. Civ. P. 37(a). A responding party is required to provide full, direct, and unequivocal answers as opposed to posing questions and providing an off-topic personal narrative and commentary devoid of facts. Plaintiff's responses are entirely improper as discussed below and the Court should compel full, clear, and factual responses that provide the specific information requested in each interrogatory.

**Hubbell's position as to each of Plaintiff's above-stated alleged discovery discrepancies:**

In the telephone conference held on July 11, 2025 to address the issues raised in Defendant's June 25 request to meet and confer and Plaintiff's July 8 request, Plaintiff objected to Hubbell's interrogatory verification page but did not raise any other specific objections to

Page 10 of 17

Case 3:24-cv-00922    Document 52    Filed 08/01/25    Page 10 of 17 PageID #: 515

Hubbell's discovery responses. Plaintiff merely stated a general objection to Hubbell's interrogatory responses, but did not otherwise identify any specific instances of non-responsiveness. Hubbell has answered every interrogatory except those solely seeking information that is protected by attorney client privilege or work product doctrine. Hubbell's interrogatory responses are properly based on documents and other information that has been uncovered for this litigation.

(a) **Interrogatory Verification**

Hubbell submitted its interrogatory responses on June 27, 2025, prior to their due date. It was explained to Plaintiff that counsel was waiting for the signed verification page and that it would be forward to him once it was received. The interrogatory responses have not changed from what was submitted on June 27, 2025, and there was no prejudice to Plaintiff by the delay in obtaining the signed verification page. The verification page was sent when it was received and is signed by Hubbell's legal counsel and Steve Paul, the general manager of Hubbell Power Quality Solutions acting as Hubbell's agent as required by Rule 33.

Rule 33 requires only that an officer or agent of the party must furnish the available information and the "person who makes the answers must sign them, and the attorney who objects must sign any objections." The case law cited by Plaintiff above clearly supports these requirements and does not indicate that any further requirements should be imposed.

The verification states that:

> "The responses set forth therein, subject to inadvertent or undiscovered error, as based upon and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these responses. The response set for therein are based on information and documents provided to me. Consequently, I reserve the right to make changes to these responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available. Subject to

the limitations set forth herein, the responses are true to the best of my knowledge, information, and belief."

This verification is proper and meets the requirements of showing evidentiary competency as requested by the Plaintiff.

There is no requirement that the party certify that all documents reviewed in formulating the responses meet the business records exception to the hearsay rule under Federal Rule of Evidence 803(6). The business records foundation is an evidentiary issue that becomes relevant only at the time of trial or when documents are introduced as evidence—not during discovery. Without any basis in law, Plaintiff attempts to require Hubbell to certify and prove that all the documents reviewed satisfy 803(6), and to also require that Hubbell's signing agent be someone whose job duties involve knowledge of the credibility of all the documents and information reviewed. Hubbell remains puzzled as to where Plaintiff gets its understanding of the rules regarding Rule 33 verifications, and must assume this is an attempt to increase the burden and cost on Hubbell to respond to discovery and should be denied.

(b) **Interrogatory Objections**

Plaintiff again makes an improper general objection to Hubbell's responses. As noted above, Hubbell has answered every interrogatory except those solely seeking information that is protected by attorney client privilege or work product doctrine. If new information is uncovered through discovery Hubbell has reserved the right to update its responses as permitted (and required) under FRCP 26(e)(1). It is unclear what relief is being requested and what ruling would be required by the Court on this issue. Hubbell therefore requests that this be denied.

(c) **Document Production**

Plaintiff requested over ten years worth of marketing materials, technical information, and engineering data for an entire family of products. Due to the technical nature and file types

of many of the documents, the documents were provided in native format organized in the folder structure in which they are stored by Hubbell. This is the same format and organization provided by Plaintiff in response to Hubbell's request. It is believed that about 10k documents were produced, which is entirely reasonable given the product range and the scope of time. Hubbell is under no obligation to further organize or describe each document to the Plaintiff.

It is again unclear what relief is being requested and what ruling would be required by the Court on this issue. To the extent Plaintiff is requesting that Hubbell be forced to provide a witness to testify about each document presented in discovery, Hubbell objects on the grounds that this would be overly burdensome and requests that this be denied.

(d) **Remote Deposition Participation**

Hubbell has allowed Plaintiff and his counsel to appear remotely for depositions but will not waive its rights under Rule 30(b)(4) for personal appearance in any future depositions. It was explained to Plaintiff during the July 11th call that the federal rules require in person deposition attendance of both the parties and their attorneys. The quote provided in Plaintiff's argument was not, and is not, a statement made by Hubbell or its counsel. Like the quotes liberally used in the complaint and Plaintiff's interrogatory responses, it appears to be hyperbole.

While Rule 30(b)(4) of the Federal Rules of Civil Procedure permits depositions to be taken remotely "by telephone or other remote means," this method is not automatic. The rule expressly requires that either all parties stipulate to such a format or that the court enter an order permitting it. Absent such a stipulation or court order, the default presumption under the Federal Rules remains that depositions are conducted in person. This default preserves the examining attorney's full ability to observe the deponent's demeanor, ensure the integrity of the proceeding, and promptly resolve any issues with physical exhibits. The in-person format also minimizes

disruptions and the risk of off-camera coaching or document sharing that could compromise the reliability of testimony.

Courts have recognized the importance of in-person depositions where the credibility of the witness is at issue or where the complexity of the examination makes remote deposition impractical. To allow unilateral remote appearances would effectively rewrite Rule 30(b)(4) and undermine both procedural regularity and the rights of the examining party to a full and effective deposition.

There is currently no specific dispute about remote deposition attendance. Hubbell therefore asks that Plaintiff's request for blanket permission to conduct all depositions remotely be denied.

**Hubbell's Position on the Inadequacy of Plaintiff's Discovery Responses:**

Plaintiff's responses to Hubbell's interrogatories are filled with arguments, unrelated narratives, and rhetorical questions that render them so vague and evasive that they are non-responsive.

Under Federal Rule of Civil Procedure 33(b)(3), a party must answer each interrogatory "separately and fully in writing under oath." Rule 37(a)(4) explains that an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

District courts in Tennessee have emphasized that interrogatory responses must be complete and self-contained. For example, in *OneBeacon Am. Ins. Co. v. JACO Airfield Constr., Inc.*, Judge Anderson granted a motion to compel where interrogatory responses improperly referred to deposition testimony and other non-responsive answers. *OneBeacon Am. Ins. Co. v. JACO Airfield Constr., Inc.*, W.D. Tenn. Case No. 04-2432 at *3 (Order Grating Motion to

Compel 10-11-2005) (unpublished, available at https://apps.tnwd.uscourts.gov/JudgeAnderson/opinions/479.pdf) (copy attached).

Here, Hubbell served narrowly tailored interrogatories requesting information central to the claims and defenses in this case. Plaintiff's responses, however, do not directly answer the interrogatories. Instead, they are replete with references to other material, irrelevant and argumentative commentary, and general narratives unrelated to the factual questions posed.

For example, in response to **Interrogatory No. 1**, which sought the identification of the accused products in this case, Plaintiff provided a multipage narrative of his arguments regarding a separate "Power Electronics" business or venture and his 3% profit commission. Plaintiff Rog. Responses pgs. 3-4. In **Interrogatory No. 2**, Plaintiff is asked to explain the intellectual property that forms the basis for his unjust enrichment claim. In the response, Plaintiff incorporates the non-responsive answer to Interrogatory No. 1 and the complaint, and then provides two pages of unrelated arguments and poses what his counsel described as "rhetorical questions" instead of factual information. *Id*. pgs. 5-7. In response to **Interrogatory No. 3**, Plaintiff avoids describing the timeframe he alleges to have become aware that Hubbell was selling the brake module products, but states that he "welcome(s) the opportunity to provide my deposition testimony, through which I can present more elaborate and detailed descriptions on the matters addressed above." *Id*. pg. 9. In response to **Interrogatory No. 5**, Plaintiff refers to the complaint and also states that "I have a document among my records that confirms at least one of the 3% payments." *Id*. pg. 13. But Plaintiff has not produced a copy of this document in discovery. In response to **Interrogatory No. 6**, seeking Mr. Atchison's knowledge of any efforts to make, use, or sell the technology at issue, Mr. Atchison provides a lengthy discussion of an unrelated issue regarding "Load Banks." *Id*. Pg 16. **Interrogatory No. 8**, asked Mr. Atchison to describe his job duties,

products worked on, and who he report to while at Bonitron, PowerOhm, and Hubbell. In response, Plaintiff provides over six and a half pages of mostly unrelated narrative, but fails to provide his job titles at these companies, name what products he worked on, or identify who he reported to. *Id*. At 18-25. **Interrogatory No. 9**, seeks Mr. Atchison's "knowledge of the BG Brake Module being sold by Powerohm prior to Hubbell's acquisition of Powerohm." Mr. Atchison again tries to incorporate by reference to no specific location by responding that "I believe I have thoroughly answered that question. I will provide further context and clarification in my deposition." *Id*. at 25.

Similar issues are found in each of Plaintiff's responses. While Plaintiff's counsel refers to these response as "detailed," the lengthy answers are mostly factually irrelevant or off-topic so as to evade providing the requested factual information. Such responses are not only non-responsive but also impose an undue burden on Hubbell and the Court, who must sift through extraneous information to discern any relevant facts. This tactic undermines the purpose of discovery, which is to streamline the issues for trial and avoid surprise.

Hubbell accordingly requests that Plaintiff be instructed to provide updated responses to Hubbell's interrogatories that provides only factual information that directly addresses the questions asked.

## CONCLUSION

8. In compliance with LR 37.01, the parties submit this Joint Statement for the Court's consideration, and request a telephonic discovery conference with the Court, following review of the Joint Statement, and the parties' respective supporting, attached documents.

Respectfully submitted,

| BURGER LAW FIRM | ROBINSON & COLE LLP |
|---|---|
| */s/Wm Kennerly (Ken) Burger* | */s/William E. Bradley* |
| Wm Kennerly (Ken) Burger, BPR #3731 | William E. Bradley (*pro hac vice*) |
| *Attorney for Plaintiff* | Kyle G. Hepner (*pro hac vice*) |
| 12 North Public Square | *Attorneys for Defendant* |
| Murfreesboro, TN 37130 | 1201 Pennsylvania Avenue, NW, Ste. 820 |
| T: 615-893-8933; F: 615-893-5333 | Washington, DC 20004 |
| kenburger@comcast.net | wbradley@rc.com |
| | khepner@rc.com |
| | Ph. 771-213-5602 |

cc :

**McINTEER & O'REAR PLC**
Howell O'Rear (howell@mcolawfirm.com)
Seth M. McInteer (seth@mcolawfirm.com)
*Attorneys for Defendant*