IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ONEBEACON AMERICAN INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | NO. 04-2432 B/An |
| JACO AIRFIELD CONSTRUCTION, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO COMPEL

Before the Court is Plaintiffs' Motion to Compel Answers to Interrogatories and Requests for Production of Documents filed on January 18, 2005. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

This case arises from work performed on the runways at the Memphis International Airport. The Memphis-Shelby County Airport Authority ("Airport Authority") contracted with Illinois Valley Paving Company ("Illinois Valley") for the construction of a new runway at the Airport (the "Project"). Illinois Valley then subcontracted the electrical work associated with the project to JACO Airfield Construction, Inc. ("JACO"). Several problems developed with the construction of the new lighting system on the runway, and the Airport Authority ordered the replacement of all electrical cable on the project. On December 27, 2001, the Airport Authority

1

DEFENDANT'S
EXHIBIT #1

filed suit against Illinois Valley for breach of contract in the Western District of Tennessee (the "underlying litigation").[1] Illinois Valley then filed a third-party complaint against JACO.

OneBeacon American Insurance Company ("OneBeacon" or "Plaintiff") issued a commercial insurance policy to JACO in 1998, which covered the time period when JACO was subcontracted to perform the electrical work on the project. When the Airport Authority filed suit against Illinois Valley, JACO requested that Plaintiff defendant Illinois Valley's allegations and provide coverage if a judgment was entered against JACO. Plaintiff therefore filed this declaratory judgment action asking the Court to declare that Plaintiff has neither a duty to defend or a duty to indemnify JACO in the underlying litigation.

Plaintiff served its First Set of Interrogatories and First Request for Production of Documents on JACO on September 21, 2004. JACO served their responses to Plaintiff on January 5, 2005. Plaintiff contends that JACO's responses are inadequate because JACO served deficient responses to eleven of the twenty interrogatories and fourteen of the nineteen requests for production of documents. Plaintiff states in its Motion that JACO referred Plaintiff to depositions and other documents, instead of specifically answering the interrogatory or producing a document. As such, under Rule 37 of the Federal Rules of Civil Procedure, Plaintiff has asked the Court to compel JACO to supplement their responses to various interrogatories and requests for production.

JACO responded to this Motion on February 7, 2005. In their Response, JACO cites one case from the First Circuit Court of Appeals to show that the sufficiency of an interrogatory response depends on the circumstances. Overall, JACO states that their discovery responses

---

[1] *See Memphis-Shelby County Airport Authority v. Illinois Valley Paving Co.*, civil action 01-3041.

2

properly referred Plaintiff to records where discovery answers could have been ascertained. JACO also argues that the burden of deriving the answer to the interrogatory is the same for JACO as it is for Plaintiff; therefore, Plaintiff should be required to locate and identify the records where interrogatory answers can be found.

## ANALYSIS

### I. Interrogatories

Rule 37 of the Federal Rules of Civil Procedure states that if a party fails to adequately respond to an interrogatory under Rule 33, "the discovering party may move for an order compelling [a supplemental] answer." Fed. R. Civ. P. 37(a)(2). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3). The Rules requires that "each interrogatory shall be answered separately and fully." Fed. R. Civ. P. 33(b)(1).

In this case JACO's responses included references to transcripts of depositions and other discovery undertaken in the underlying litigation. (*See* Mem. in Supp. of Mot. to Compel, at Ex. 2) (listing JACO's responses to Plaintiff's First Set of Interrogatories). "Incorporation by reference to a deposition is not a responsive answer, 'for the fact that a witness testified on a particular subject does not necessarily mean that a party who is required to answer interrogatories adopts the substance of the testimony to support his claim or contention.'" *Martin v. Easton Publishing Co.*, 85 F.R.D. 312, 315 (E.D. Pa. 1980) (quoting *J.J. Delaney Carpet Co. v. Forrest Mills, Inc.*, 34 F.R.D. 152 (S.D.N.Y. 1963)). Similarly, referring Plaintiff to other unresponsive answers is not allowed. *See id.*

3

In *Easton Publishing Co.* the plaintiff referred the defendant to three notebooks, which contained approximately 630 pages of text, to employment data supplied by the defendants, and to almost 2000 pages of deposition transcript. The *Easton Publishing Co.* court entered an order compelling the plaintiff to supplement their discovery responses, as the court was unwilling to permit the plaintiff "to escape her responsibility of providing direct, complete and honest answers to interrogatories with the cavalier assertion that required information can be found in this massive amount of material." *Id.* at 315.

A similar holding can be found in other district courts. For example, in *Smith v. Logansport Community School Corp.*, 139 F.R.D. 637 (N.D. Ind. 1991), the plaintiffs responded to the defendants' interrogatories by generally referring to deposition testimony and other discovery filed in the case. The Court found these responses to be "evasive and clearly insufficient." *Id.* at 650. The Court, quoting a respected treatise, held

> that an answer to an interrogatory "must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers."

*Id.* (quoting 4A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 33.25[1] (2d. ed. 1991)).

When answering an interrogatory, the responding party "must state specifically and identify precisely which documents will provide the desired information." *Easton Publishing Co.*, 85 F.R.D. at 315. If a party decides to respond to an interrogatory by identifying records or documents where the interrogatory's answer may be derived, such a response must be made "in sufficient detail to permit the interrogating party to locate, . . . as readily as can the party served, the records from which the answer may be ascertained." Fed. R. Civ. P. 33(c); *see also Atlanta Shipping Corp., Inc. v. Cross & Brown Co.*, 113 F.R.D. 108, 111 (S.D.N.Y. 1986).

4

In this case, JACO generally refers to documents in its responses. For example, in response to Interrogatory No. 2, JACO states that "[a]dditional information may be available in the discovery undertaken in the underlying litigation . . . [including] the depositions of Joe Polk and other [Airport Authority] engineers and witnesses, and the deposition of [Illinois Valley] and/or its agents." (Mem. in Supp. of Mot. to Compel, at Ex. 2). JACO does not list specific references to documents or provide Plaintiff with any details as to where the reference can be found in each document. A deposition transcript may consist of hundreds of pages, and it is unfair to require Plaintiff to spend countless hours searching for documents. JACO left it up to Plaintiff to search the deposition transcripts to find what JACO was referring to in its responses. As such, JACO's responses are insufficient.

JACO also may not rely on the business records rule. Rule 33(d) states, in pertinent part, that:

> [w]here the answer to an interrogatory may be derived or ascertained from the business records of the party . . . and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Fed. R. Civ. P. 33(d). Rule 33(d) requires "that (1) the answer to an interrogatory can be derived from the records, and (2) the records provided in answer to an interrogatory be the business records of the answering party." *In re Savitt/Adler Litg.*, 176 F.R.D. 44, 49 (N.D.N.Y. 1997).

In this case, JACO can satisfy neither requirement. The answers to the interrogatories cannot be fairly derived from the records to which JACO refers, as JACO simply refers to "the

5

deposition" of various parties. As mentioned, deposition transcripts could contain hundreds of pages, and it could take Plaintiff hundreds of hours to find the relevant information within the transcripts. Interrogatories must be responded to "separately and fully," and JACO has not satisfied this burden. Additionally, and most importantly, the records to which JACO refers in their responses are not JACO's business records. Deposition transcripts are not business records; therefore, JACO's responses were improper.

## II. Requests for Production

Rule 34 of the Federal Rules of Civil Procedure states that "[a]ny party may serve on any other party a request to produce . . . any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). If a party fails to adequately respond to a request for production under Rule 34, "the discovering party may move for . . . an order compelling inspection in accordance with the request." Fed. R. Civ. P. 37(a)(2). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3).

Plaintiff served its requests on JACO, but JACO served deficient responses to Plaintiff's First Set of Requests for Production of Documents. Similar to the responses to Plaintiff's First Set of Interrogatories, JACO makes general references to documents and pleadings, instead of actually producing documents, as required by the Federal Rules. For example, in response to Request No. 2, JACO states that "Plaintiff is in possession of copies of all the depositions and exhibits accompanying those depositions taken in the underlying litigation . . ., which together with the pleadings and other documents filed in the underlying litigation is all the documentation

6

in the possession of JACO." (Mem. in Supp. of Mot. to Compel, at Ex. 3). For other requests, JACO simply refers Plaintiff to the response to Request No. 2.

JACO's responses fail to specify where Plaintiff can find the relevant information for each response. Thus, JACO has passed the burden on Plaintiff to search through deposition exhibits and pleadings to locate all necessary files and papers requested in the discovery requests. "All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Caton*, 136 F.R.D. at 684-85 (citations omitted). In this case there is no unusual or extraordinary circumstance; therefore, the burden is on JACO to respond to Plaintiff's document requests.

## CONCLUSION

For good cause shown, Plaintiff's Motion to Compel is **GRANTED**. JACO shall have 15 days from entry of this Order to supplement its responses and provide complete responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents.[2] If JACO wants to rely on a deposition, JACO must (1) specify the page(s) and line(s) where the answer can be found; (2) state that it adopts and incorporates the deposition testimony as its Response; and (3) state that the deposition testimony designated constitutes its total response to the particular interrogatory or request for production.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON

---

[2] In their Motion, Plaintiff requests that JACO supplement responses to the following Interrogatories: Nos. 3, 4, 5, 6, 7, 8, 10, 11, 13, 14 and 15. Plaintiff also requests that JACO supplement its responses to Requests for Production No. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15.

7

UNITED STATES MAGISTRATE JUDGE

Date:_____