IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FOR TENNESSEE

| | | |
|---|---|---|
| TIMOTHY ALLEN ATCHISON | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Number 3:24-cv-922 |
| | ) | |
| v. | ) | Jury Demand |
| | ) | |
| | ) | Judge Trauger |
| HUBBELL INDUSTRIAL CONTROLS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules, Defendant Hubbell Industrial Controls, Inc. ("HUBBELL") states its objections and responses to Plaintiff Timothy J. Atchison's ("Atchison") First Set of Interrogatories (Nos. 1-15) as follows:

### PRELIMINARY STATEMENT

Discovery has just begun and HUBBELL's investigation is ongoing. Thus, the responses provided herein ("Responses") are based solely on non-privileged information available to HUBBELL at a very early state of this litigation. All of the Responses contained herein are based upon information presently available, and specifically known to HUBBELL. It is anticipated that further discovery may uncover additional information, which may lead to supplementation or substantial additions to, changes in, and variations from the Responses herein. HUBBELL reserves the right to amend, retract, or supplement their Responses in light of new information or a revised understanding of existing information. HUBBELL's Responses should not be construed as: (a) an admission of stipulation that any discovery HUBBELL

Case 3:24-cv-00922    Document 53-2    Filed 08/01/25    Page 1 of 19 PageID #: 595

EXHIBIT #2

provides is relevant; (b) a waiver by HUBBELL of any general objections set forth below ("General Objections") or of the objections asserted in a specific Response; (c) an agreement for requests for similar discovery will be treated in a similar manner; (d) an admission as to the truth or accuracy of any statement or characterization contained in Plaintiff's Interrogatories.

## GENERAL OBJECTIONS

HUBBELL makes the following General Objections to each and every Interrogatory in Plaintiff's First Set of Interrogatories. Each of these objections is incorporated into HUBBELL's response to each and every Interrogatory, whether or not separately set forth therein. By responding to any of the Interrogatories or failing to specifically refer to or specify any particular General Objection in response to a particular Interrogatory, HUBBELL does not waive any of these General Objections, nor admit or concede the appropriateness of any purported Interrogatory or any assumptions contained therein.

1.      HUBBELL objects to each and every Interrogatory to the extent that it seeks to impose upon HUBBELL any obligations broader than, or inconsistent with, the obligations imposed by the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Middle District of Tennessee.  HUBBELL objects to the absence of definitions and instructions to the extent it requires subjective interpretation of the interrogatories and lacks clarity or defined scope sufficient to allow for response.

2.      HUBBELL objects to each and Interrogatory to the extent that it seeks information not relevant to a fact in issue, fact related to any cause of action or relief, or any fact not in dispute in this case.

3.      HUBBELL objects to each and every Interrogatory to the extent that it is not proportional to the needs of the case.

4.     HUBBELL objects to each and every Interrogatory to the extent that it is overly broad, unduly burdensome, oppressive, improper, undefined and unreasonable in scope.

5.     HUBBELL objects to each Interrogatory as overly broad and unduly burdensome to the extent it is not to a discernable scope.

6.     HUBBELL objects to each and every Interrogatory to the extent that it is vague, ambiguous, unintelligible, or fails to describe the information sought with reasonable particularity. HUBBELL will give the terms of these Interrogatories their ordinary and plain meanings. HUBBELL shall not be held responsible where its interpretation of these Interrogatories does not comport with Plaintiff's intentions.

7.     HUBBELL objects to the Interrogatories to the extent that they seek information that is confidential and/or proprietary, or information that is subject to any protective order, privacy interest, contractual obligation or confidentiality obligation, or otherwise prohibited from disclosure by law. HUBBELL will disclose such information only in compliance with its obligations to third parties and subject to an appropriate protective order.

8.     HUBBELL objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection. Nothing in these objections and responses is intended to be or is a waiver of any attorney-client privilege, attorney work product immunity, or any other applicable privilege, immunity, doctrine or protection.

9.     HUBBELL objects to each and every Interrogatory to the extent that it seeks information that cannot be found in the course of a reasonable search. HUBBELL reserves the right to conduct further discovery, investigation, or analysis as to any issue raised by any Interrogatory

and to supplement its response to any Interrogatory based on such further discovery, investigation, or analysis.

10.     HUBBELL objects to the Interrogatories to the extent the burden or expense of the discovery sought outweighs any likely benefit.

11.     HUBBELL objects to the Interrogatories as unduly burdensome to the extent they seek discovery that is unreasonably cumulative or duplicative.

12.     HUBBELL objects to the Interrogatories to the extent they seek information already in Plaintiff's possession, custody or control, or obtainable from some other source that is more convenient, less burdensome, or less expensive.

13.     HUBBELL objects to each and every Interrogatory to the extent that it seeks information outside of HUBBELL's possession, custody or control.

14.     HUBBELL objects to each Interrogatory to the extent that it is compound and/or is comprised of subparts constituting more than one Interrogatory.

15.     No incidental or implied admissions are intended by any objection or response by HUBBELL to any Interrogatory. That HUBBELL has objected or responded to any Interrogatory is not an admission that HUBBELL accepts or admits the existence of any alleged facts set forth in or assumed by such Interrogatory, or that any objection or response thereto constitutes admissible evidence.

16.     HUBBELL reserves the right to modify or supplement these objections and responses to the extent allowed by the Federal Rules of Civil Procedure, local rules of this Court, any orders adopted in the case or any other applicable law.

17.     HUBBELL makes these objections and responses subject to the reservation of all rights to object to the introduction into evidence, in this or any other action, any information provided

upon grounds of competence, relevance, materiality, propriety, hearsay and/or admissibility, or other applicable ground.

18.     HUBBELL's responses to these Interrogatories are made without waiving, or intending to waive, but on the contrary, preserving and intending to preserve: (a) the right to object, on the grounds of competency, privilege, relevance, propriety, admissibility, or materiality, or any other proper grounds, to the use of any documents or other information for any purpose in whole or in part, in any subsequent proceeding in this action or in any other action; (b) the right to object on any and all grounds, at any time, to other Requests for Production, Interrogatories, or other discovery procedures involving or relating to the subject matter of the Interrogatory to which HUBBELL has responded herein; and (c) the right at any time to revise, correct, add to, or clarify any of the responses made herein.

19.     HUBBELL's responses are made solely for the purpose of this case.

20.     All objections as to competency, relevance, materiality, propriety, and admissibility, are expressly reserved and may be interposed at any other proceeding in this case or any other action.

Without waiver of and subject to the foregoing General Objections, HUBBELL responds to the Interrogatories as follows.

## INTERROGATORIES

1.     Please identify by name and position, the representative person responding on behalf of Hubbell Industrial Controls, Inc., and state how the responding witness for Defendant

possesses competent knowledge of the matters addressed below, within the meaning of FRE Rule 601.

**RESPONSE:**

Defendant objects to this interrogatory as irrelevant in not reasonably calculated to lead to admissible evidence. Defendant objects to this interrogatory as vague, ambiguous, and unduly burdensome as it requests the sum total of the universe of knowledge of the corporate representative signing the Verification on behalf of the company as to every matter and sub-part of the interrogatories. Defendant objects to this interrogatory to the extent it seeks information protected by the work product or attorney-client privilege or other immunity. Defendant objects to this interrogatory to the extent it seeks information or suggests a corporate representative must have the knowledge of and competency to testify as one or more experts. Subject to the foregoing and General Objections, Defendant states:

See the Verification Page attached to these Responses. The individual executing the Verification Page has knowledge or has been informed based on the company's investigation and has the competency to testify about the information learned or the authenticity of the documents produced with the information that is known or reasonably available to the organization pursuant to Fed. R. Civ. P. 30(b)(6) in response to Plaintiff's discovery requests and may incorporate information provided by one or more employees or experts consulted in preparing the responses.

2.      In the context of Defendant's denials in its Answer regarding the origin of the business entity "Power Electronics," please set forth below a description of the reasons (if known to Defendant) that employer/entity-predecessor, Powerohm, established the separate business

entity labeled "Power Electronics," in affiliation with an (otherwise-described) "routine employee," Timothy Allen Atchison.

**RESPONSE:**

Defendant objects to this request to the extent it assumes facts not in evidence and is based on a premise not believed to be true to the extent there is no, and has never been, a business entity "Power Electronics." Defendant objects to this interrogatory as irrelevant in not reasonably calculated to lead to admissible evidence. Defendant objects to this interrogatory as vague, ambiguous, and unduly burdensome as it relies on undefined terms such as "routine employee" and presents an unclear scope. Defendant objects to this interrogatory to the extent it is seeking information related to the state of mind or motivation of a third party. Defendant objects to this interrogatory to the extent it seeks information relating to conversations and events prior to Hubbell's acquisition of Powerohm in 2014 and conversations and events Defendant was not part of. Subject to the foregoing and General Objections, Defendant states:

Upon information and belief, there was no business entity "Power Electronics" established by Powerohm at any time, either with or without Plaintiff's involvement. Defendant submits that the premise of this interrogatory is demonstrably false and there is no Fed. R. Civ. P. 11 basis for Plaintiff to continue to assert the existence of an entity labeled "Power Electronics" when a reasonable investigation would confirm no such legal entity was ever formed, registered, or in existence.

3.  Set forth below all reasons known to Defendant for Hubbell's termination of Timothy Allen Atchison by Defendant in June 2015.

**RESPONSE:**

Defendant objects to this interrogatory as irrelevant in not reasonably calculated to lead to admissible evidence. Defendant objects to this interrogatory as vague, ambiguous, and unduly burdensome as it requests knowledge and specifics of personnel decisions made 10 years ago and involved individuals no longer with or accessible to the company. Defendant objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or other immunity. Subject to the foregoing and General Objections, Defendant states:

At present, given the passage of time, Defendant is unable to find a current employee with a first-hand recollection of the reasons for, or circumstances surrounding, the company's separation from Mr. Atchison. Defendant's investigation is continuing.

4.     Does the Defendant deny that a residential premises was acquired by Powerohm/Hubbell adjacent to Defendant's Covington, Kentucky, industrial facility for the exclusive purpose of establishing a separate location for Plaintiff, his work team, and Defendant's representatives to focus upon development and marketing of the Brake Power Module innovations that had been shared by Plaintiff initially with Powerohm, and subsequently (following Powerohm's purchase by Hubbell) with Hubbell management?

**RESPONSE:**

Defendant objects to this interrogatory as irrelevant in not reasonably calculated to lead to admissible evidence. Defendant objects to this interrogatory as vague, ambiguous, and unduly burdensome as it requests information regarding the state of mind and motivations of third parties. Defendant objects to this interrogatory to the extent it seeks information relating to conversations and events prior to Hubbell's acquisition of Powerohm in 2014 and conversations

and events Defendant was not part of. Subject to the foregoing and General Objections, Defendant states:

Yes, Defendant denies it acquired a residential property for the purported purpose recited in this interrogatory. Defendant states that Hubbell acquired the lease of the residential premise in Covington, KY referred to in the Stock Purchase Agreement dated January 16, 2014 as the "Kentucky House" when the assets of Powerohm and the lease were transferred to the company according to the terms of the Stock Purchase Agreement in which Hubbell purchased Powerohm and all its assets.

5.     If that sole and exclusive purpose (described in Item No. 4, above) is denied, set forth Hubbell's explanation regarding the acquisition and refurbishing of that building for Mr. Atchison's use in furthering "Power Electronics'" BPM innovation goals, describing any witnesses or documents that Defendant believes may support that denial.

**RESPONSE:**

Defendant objects to this interrogatory as irrelevant in not reasonably calculated to lead to admissible evidence. Defendant objects to this interrogatory as vague, ambiguous, and unduly burdensome as it requests information regarding the state of mind and motivations of third parties. Defendant objects to this interrogatory to the extent it seeks information relating to conversations and events prior to Hubbell's acquisition of Powerohm in 2014 and conversations and events Defendant was not part of. Subject to the foregoing and General Objections, Defendant states:

There is no, and was never, an entity "Power Electronics" so Defendant disagrees with the premise of this interrogatory. The lease of the residential home, referred to as the "Kentucky

House" in the Stock Purchase Agreement dated January 16, 2014 with an address of 109 ½ West 34th Street, Covington, KY, was conveyed to Hubbell as part of the purchase of Powerohm Resistors, Inc. in the Stock Purchase Agreement. Documents supporting this denial include the Stock Purchase Agreement dated January 16, 2014.

6. Referencing and incorporating herein the content of Plaintiff's Complaint, pages 18 – 27 (**specifically, paragraph items II(J)(2)(a) through II(J)(2)(p)),** as to each specifically designated "innovative" concept itemized and claimed by Plaintiff, set forth **separately** below every fact (including witnesses and document references) which would support Defendant's contention that **each item described**, as detailed in the Complaint, **purportedly preexisted** in the industrial marketplace before Plaintiff Atchison's innovative creations of the described concepts and mechanisms.

**RESPONSE:**

Defendant objects to this interrogatory as irrelevant in not reasonably calculated to lead to admissible evidence. Defendant objects to this interrogatory as overly broad and ambiguous to the extent it lacks a temporal limitation. Defendant objects to this interrogatory to the extent it is vague, ambiguous, and requires clarification as it requests information to "support Defendant's contention that each item described, as detailed in the Complaint, purportedly preexisted in the industrial marketplace before Plaintiff Atchison's innovative creations of the described concepts and mechanisms" when Defendant is unaware of the contention referenced or its origin. Defendant objects to this interrogatory as vague, ambiguous, and unduly burdensome as it requests information regarding an undefined universe of allegedly innovative concepts that have not been identified or describe in a manner to allow for meaningful analysis and response.

Defendant objects to this interrogatory to the extent clarification is needed as every substituent part exists in the industrial marketplace in some form or another. Subject to the foregoing and General Objections, Defendant states:

Defendant cannot discern what Plaintiff the terms "concepts," "claims" and "each item" refers to in this interrogatory. Defendant is also unclear as to what "contention" Plaintiff is referring to in the phrase "would support Defendant's contention that each item described as detailed in the Complaint, purportedly preexisted in the industrial marketplace before Plaintiff Atchison's innovation creations of the described concepts and mechanisms." Defendant's contention is that Plaintiff was an employee of PowerOhm and that any product developed by Plaintiff for PowerOhm was transferred to Hubbell pursuant to the Stock Purchase Agreement. Further, Defendant's contention is that Plaintiff's claim that the Powerohm products have been changed since he left Hubbell's employ to incorporate proprietary materials owned by Plaintiff and without his knowledge and/or in violation of any rights or agreements with Plaintiff is a false accusation.

7.     Set forth in detail below a description of all of Hubbell's investigative efforts performed by Hubbell since the filing of Plaintiff's Complaint, and which Defendant contends would reasonably support the Defendant's diligent pleading allegation that Plaintiff's claims are "frivolous."

**RESPONSE:**

Defendant will not waive the attorney-client privilege or work-product immunity at this time. Defendant directs Plaintiff to its 26(a)(1) disclosures for the witnesses and documents Defendant will use to support the allegation that Plaintiff's claims are frivolous.

8.  Identify each person (or other broadly-defined source) who **(prior to Hubbell's filing of it answer)** supplied information in response to the Defendant's post-Complaint investigation, and identify Hubbell's information that supports (as required by FRCP Rule 11) Hubbell's accusatory claims that Mr. Atchison's Complaint allegations are unethically **"frivolous."**

   **RESPONSE:**

   Defendant will not waive the attorney-client privilege or work-product immunity at this time. Defendant directs Plaintiff to its 26(a)(1) disclosures for the witnesses and documents Defendant will use to support the allegation that Plaintiff's claims are frivolous.

9.  Identify every witness consulted by Defendant following Hubbell's receipt of the Complaint in the above-captioned matter, who has provided any information (considered material or not) relevant to the Defendant's post-Complaint investigation, and provide either (a) copies of any recorded statements from those potential witnesses; or (b) a context summary of every witness interviewed.

   **RESPONSE:**

   Defendant will not waive the attorney-client privilege or work-product immunity at this time. Defendant directs Plaintiff to its 26(a)(1) disclosures for the witnesses and documents Defendant will use to support the allegation that Plaintiff's claims are frivolous.

10. As to each broadly-defined "**Brake Power Module**" device manufactured and sold by Defendant, describe in detail any modifications or changes in design, and include in your

response the identity of every Hubbell employee involved in implementing any **design modifications** in **Hubbell's Brake Power Module products,** from and after June 1, 2015.

**RESPONSE:**

Defendant objects to this interrogatory as vague, ambiguous, and unclear to the extent "Brake Power Module" is undefined. Defendant objects to this interrogatory as overbroad and not reasonable calculated to lead to admissible evidence in requesting the details and identity of every employee involved in every design modification for a period of 10 years. Defendant objects to the interrogatory as an attempt by Plaintiff to acquire information prior to identifying the specific subject matter alleged to have been wrongfully incorporated into Defendant's products. Subject to the foregoing and General Objections, Defendant states:

Defendant's investigation is on-going as this interrogatory calls for speculative information and the identity of unnamed individuals for unspecified events over a period of more than 10 years. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant will conduct a reasonable search and will produce one or more documents from which the information may be obtained after Plaintiff has identified the specifics of his claims to avoid Plaintiff improperly using Defendant's to backfill its cause of action.

11. Does the Defendant deny requesting access to, and copies of, all handwritten notepads, charts, schematics, and digital computer content, all pertaining to Atchison's suggested Brake Power Module innovations, in the months immediately preceding Mr. Atchison's termination?

**RESPONSE:**

Defendant objects to this interrogatory as vague, ambiguous, and unclear to the extent "suggested Brake Power Module innovations" is undefined. Defendant objects to this interrogatory as the specifics of the event and date are unclear. Subject to the foregoing and General Objections, Defendant states:

As presently advised, Defendant submits that pursuant to paragraph 6.2(c) of the Stock Purchase Agreement, Hubbell as Powerohm's owner and representative carried out the parties' agreement that "the back up servers and related materials (collectively, the "Kentucky House Servers") are owned by Powerohm and will be removed from the Kentucky House by Powerohm following the Closing. Each Seller agrees that is shall, and shall cause its Affiliates to, cooperate with Powerohm (upon reasonable advanced notice from Powerohm to Sellers' Representative) to arrange for the removal of such Kentucky House Servers by Powerohm and its representatives from the Kentucky House" and removed materials that were the property of Hubbell as the new owner of Powerohm and as Hubbell was moving operations out of Covington, KY.

12. What is the present location of Hubbell's paper and digital records, previously stored at the "Power Electronics" so-called "Motel Ohm," (109 and ½ West 34th Street, Covington, KY 41015) utilized by Tim Atchison and his assigned team in the months preceding his termination, which, at the request of Hubbell employee, Stuart Xiang, became entrusted to Hubbell management?

**RESPONSE:**

Defendant objects to this interrogatory as vague, ambiguous, unclear, and argumentative to the extent there was no "Power Electronics" in existence, Plaintiff is suggesting materials became "entrusted" to Hubbell management, and that the Covington, KY location was "utilized

by Tim Atchison and his assigned team" which assumes facts not in evidence, is argumentative, and demonstrably false. Defendant objects to this interrogatory as the specifics of the event and date are unclear and call for speculation. Subject to the foregoing and General Objections, Defendant states:

Defendant's investigation is on-going as the events referenced occurred more than 10 years ago. To the extent materials exist and can be traced back to the Kentucky House, the location current location will be identified or the documents will be produced pursuant to Fed. R. Civ. P. 33(d).

13. Does Hubbell deny that employees Stuart Xiang and Tom Yingling were asked by Hubbell management to collate and secure materials in the possession of Timothy Allen Atchison in the six-month period preceding his termination? If so, please provide any specific factual (non-conclusory) details that Defendant may cite in support of that denial.

**RESPONSE:**

Defendant objects to this interrogatory as vague, ambiguous, unclear, and argumentative to the extent Plaintiff is suggesting the materials collected were not the property of Hubbell or not in the possession of Timothy Allen Atchison by permission as a then current employee of Hubbell. Defendant objects to this interrogatory as the specifics of the event and date are unclear and call for speculation. Subject to the foregoing and General Objections, Defendant states:

As presently advised, Defendant submits that pursuant to paragraph 6.2(c) of the Stock Purchase Agreement, Hubbell as Powerohm's owner and representative carried out the parties' agreement that "the back up servers and related materials (collectively, the "Kentucky House Servers") are owned by Powerohm and will be removed from the Kentucky House by Powerohm

following the Closing. Each Seller agrees that is shall, and shall cause its Affiliates to, cooperate with Powerohm (upon reasonable advanced notice from Powerohm to Sellers' Representative) to arrange for the removal of such Kentucky House Servers by Powerohm and its representatives from the Kentucky House" and removed the materials that were the property of Hubbell as the new owner of Powerohm and as Hubbell was moving operations out of Covington, KY.

14. As to each and every **"Brake Power Module"** product marketed by Defendant Hubbell from June 1, 2015, through the present date, please set forth the following:

    (a) A description of each Brake Power Module product marketed by Defendant Hubbell since June 1, 2015, to include the make, model and serial number for each item;

    (b) All product manuals and technical specification sheets for each and every Brake Power Module product marketed by Defendant Hubbell from June 1, 2015, through the present;

    (c) An itemized list of all of Defendant Hubbell's Brake Power Modules customers (identified by name, location, and contact person) to whom Hubbell has marketed the products containing Brake Power Modules from June 1, 2015, through the present;

    (d) As to each Brake Power Module device marketed by Defendant Hubbell from June 1, 2015, through the present, identify any and all patent authorizations for such devices, and specify which devices have been subjected to any modification;

     (e)     List the total gross sales for all of Defendant Hubbell's "Brake Power Module" product line from June 1, 2015, through the present; and

     (f)     List below each and every advertisement or communication (in any form, paper or digital) in which Defendant Hubbell has represented to the public, or to any individual customer, the claim that their Brake Power Module product line has been improved through innovations, improvements or any broad form of modification.

**RESPONSE:**

Defendant objects to this interrogatory as vague, ambiguous, and unclear to the extent "Brake Power Module" is undefined. Defendant objects to this interrogatory as overbroad and not reasonable calculated to lead to admissible evidence in requesting the details and identity of products not identified in the Complaint. Defendant objects to this interrogatory as an improper multi-part interrogatory and exceeds the permissible number of requests in the Case Management Schedule. Defendant objects to this interrogatory to the extent it is excessively broad and seeking information not relevant to the specific issues of the case. Defendant objects to the interrogatory as an attempt by Plaintiff to acquire information prior to identifying the specific subject matter alleged to have been wrongfully incorporated into Defendant's products. Subject to the foregoing and General Objections, Defendant states:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant will produce one or more documents from which the information may be obtained after Plaintiff has identified the specifics of his claims to avoid Plaintiff improperly using Defendant's information to backfill his cause of action.

15. **As of January 1, 2014** (before acquisition of Powerohm), list, by descriptive name and model number, **every** "Brake Power Module" device/product previously marketed by Defendant Hubbell.

**RESPONSE:**

Defendant objects to this interrogatory as vague, ambiguous, and unclear to the extent "Brake Power Module" is undefined. Defendant objects to this interrogatory as overbroad and not reasonable calculated to lead to admissible evidence in requesting the details and identity of every device/product. Subject to the foregoing and General Objections, Defendant states:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant will produce one or more documents from which the information may be obtained.

Date June 27, 2025

Respectfully submitted,

*/s/ William E. Bradley*
**ROBINSON & COLE LLP**
William E. Bradley *(pro hac vice)*
Kyle G. Hepner *(pro hac vice)*
1201 Pennsylvania Ave NW, Suite 820
Washington, DC 20004
T: 771-213-5602
wbradley@rc.com

**McINTEER & O'REAR PLC**
Howell O'Rear, BPR # 26509
Seth M. McInteer, BPR # 26471
Attorneys for Defendant
2209 Crestmoor Road, Suite 310
Nashville, TN 37215
T: 615-724-6207; F: 615-523-1311
howell@mcolawfirm.com
seth@mcolawfirm.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and exact copy of the foregoing has been served upon the

following on this the 27th day of June, 2025.

Wm Kennerly (Ken) Burger
Attorney for Plaintiff
12 North Public Square
Murfreesboro, TN 37130
T: 615-893-8933; F: 615-893-5333
kenburger@comcast.net

*/s/ William E. Bradley*