# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TIMOTHY ALLEN ATCHISON, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:24-cv-922 |
| ) | |
| v. ) | |
| ) | Judge Trauger |
| HUBBELL INDUSTRIAL ) | |
| CONTROLS, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S FED. R. CIV. P. 26(a)(1) INITIAL DISCLOSURES

Defendant, HUBBELL INDUSTRIAL CONTROLS, INC. ("Hubbell" or "Defendant"), by and through its undersigned counsel, hereby submits the following disclosures pursuant to Fed. R. Civ. P. 26 ("Rule 26").

These disclosures are based on information presently known and reasonably available to the Defendant and which the Defendant reasonably believes they may use in support of their claims and defenses. Continuing investigation and discovery may cause the Defendant to amend these initial disclosures by identifying other potential witnesses, documents and by disclosing other pertinent information.

The Defendant therefore reserves the right to supplement these initial disclosures. The Defendant objects to any disclosure of information or documents beyond that which is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Middle District of Tennessee, or other applicable law, rule or order. By providing these initial disclosures, the Defendant does not represent that they are identifying every document, tangible thing or witness possibly relevant to this action. In addition,

these disclosures are made without the Defendant in any way waiving its right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy and materiality, hearsay, undue burden, confidentiality, or any other appropriate grounds. Furthermore, these disclosures are not an admission by the Defendant regarding any matter.

Each and every disclosure set forth below is subject to the above qualifications and limitations.

**Rule 26(a)(1)(A)(i)** – The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support his or her claims or defenses, unless the use would be solely for impeachment:

| Name of Individual Likely to Have Discoverable Information | Contact Information (Address and Telephone Numbers) | Subject Matter of Discoverable Information |
|---|---|---|
| Rob Angel<br>Regional Sales Manager, Hubbell ICD, Inc. | c/o William E. Bradley, Esq.<br>Robinson + Cole, LLP<br>1201 Pennsylvania Ave., NW<br>Suite 820<br>Washington, DC 20004<br>771-213-5602 | Information related to the products of Powerohm Resistors pre and post acquisition by Hubbell, employment history of Plaintiff, lack of agreement on payments, lack of dispute on ownership of technology, |

| | | current and historical sales of products |
|---|---|---|
| Mike Crowe<br><br>Former owner of Powerohm and former employee of Hubbell | Business address:<br><br>Crohm Resistors<br><br>1640 Lionel Ave<br><br>Cincinnati, OH 45214<br><br>(859) 240-0880<br><br>and<br><br>Residence address:<br><br>903 Squire Oaks Dr.,<br><br>Villa Hills, KY 41017 | Information related to the hiring of Plaintiff from Bonitron, Plaintiff's employment with Powerohm and Hubbell, the accused technology, the products pre and post acquisition by Hubbell, the lack of any agreement on royalty or commissions, the lack of any dispute on ownership of the technology, and the warranting of ownership of all IP necessary to operate the business to Hubbell at closing when selling Powerohm |
| Vance Hinton<br><br>Former owner of Powerohm and former employee of Hubbell | Business address:<br><br>K-T Fab, Inc.<br><br>5617 13th Street<br><br>Katy, TX 77493<br><br>(713) 822-6495 | Information related to the hiring of Plaintiff from Bonitron, Plaintiff's employment with Powerohm and Hubbell, the accused |

|  | and<br><br>Residence address:<br><br>1814 Brookchester Street<br><br>Katy, KY 77450 | technology, the products pre and post acquisition by Hubbell, the lack of any agreement on royalty or commissions, the lack of any dispute on ownership of the technology, and the warranting of ownership of all IP necessary to operate the business to Hubbell at closing when selling Powerohm |
|---|---|---|
| Bruce Kielgas,<br><br>Senior Engineering Mgr.<br><br>Hubbell Incorporated | c/o William E. Bradley, Esq.<br><br>Robinson + Cole, LLP<br><br>1201 Pennsylvania Ave., NW<br><br>Suite 820<br><br>Washington, DC 20004<br><br>771-213-5602 | Information related to the features of the products and technology at issue and the authenticity of the documents related to products as they existed at the time Hubbell purchased Powerohm and today |
| Hubbell Financial corporate designee | c/o William E. Bradley, Esq.<br><br>Robinson + Cole, LLP<br><br>1201 Pennsylvania Ave., NW<br><br>Suite 820 | Information related to historical sales for products. |

| | Washington, DC 20004<br><br>771-213-5602 | |
|---|---|---|
| Bonitron, Inc. | 521 Fairground Ct.<br><br>Nashville, TN 37211<br><br>(615) 244-2825 | Information related to employment agreements, duties, and products relating to Plaintiff's tenure with the company. |
| Plaintiff and any witness identified in Plaintiff's Rule 26 initial disclosures, testimony, or documents | | Information related to Plaintiff's allegations. |

There may be additional individuals and organizations whose relevance becomes known to the Defendant during discovery or trial. The Defendant therefore reserves the right to amend or supplement these disclosures if and as appropriate, and further reserves the right to rely on any witness identified by Plaintiff or any third party during these proceedings.

**Rule 26(a)(1)(A)(ii)** – A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in his or her possession, custody, or control and may use to support his or her claims or defenses, unless the use would be solely for impeachment.

| **Description by Category of Document, ESI, or Tangible Thing** | **Description by Location of Document, ESI, or Tangible Thing** |
|---|---|

| | |
|---|---|
| Technical documents regarding the features of the products at the time Hubbell purchased Powerohm Resistors, Inc. in 2014. | c/o William E. Bradley, Esq.<br><br>Robinson + Cole, LLP<br><br>1201 Pennsylvania Ave., NW Suite 820<br><br>Washington, DC 20004<br><br>771-213-5602 |
| Technical documents regarding the features of the products as they exist today. | c/o William E. Bradley, Esq.<br><br>Robinson + Cole, LLP<br><br>1201 Pennsylvania Ave., NW Suite 820<br><br>Washington, DC 20004<br><br>771-213-5602 |
| Stock Purchase Agreement of Powerohm Resistors, Inc. and related documents, schedules, and appendices. | c/o William E. Bradley, Esq.<br><br>Robinson + Cole, LLP<br><br>1201 Pennsylvania Ave., NW Suite 820<br><br>Washington, DC 20004<br><br>771-213-5602 |
| Sales summaries for the products from the time period of 2014 to present. | c/o William E. Bradley, Esq.<br><br>Robinson + Cole, LLP<br><br>1201 Pennsylvania Ave., NW Suite 820<br><br>Washington, DC 20004<br><br>771-213-5602 |
| Documents related to Plaintiff's employment and duties at Hubbell. | c/o William E. Bradley, Esq.<br><br>Robinson + Cole, LLP<br><br>1201 Pennsylvania Ave., NW Suite 820 |

| | Washington, DC 20004 |
| | |
| | 771-213-5602 |

There may be additional documents whose relevance becomes known to the Defendant during discovery or trial. The Defendant therefore reserves the right to amend or supplement these disclosures if and as appropriate, and further reserves the right to rely on any document identified by Plaintiff or produced in this case by any party or any third party.

**Rule 26(a)(1)(A)(iii)** – A computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material (unless privileged or protected form disclosure) on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

**Costs and fees for defending a frivolous lawsuit.**

**Rule 26(a)(1)(A)(iv)** – For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgement in the action or to indemnify or reimburse for payments made to satisfy the judgment:

**None**

Dated May 5, 2025

                                  Respectfully submitted,

                                  */s/ William E. Bradley*

William E. Bradley (*pro hac vice*)
Kyle G. Hepner (*pro hac vice*)
Robinson & Cole LLP
1201 Pennsylvania Avenue, NW, Ste. 820
Washington, DC 20004
wbradley@rc.com
khepner@rc.com
Ph. 771-213-5602


Howell O'Rear (BPR #26509)

Seth M. McInteer (BPR #26471
McInteer & O'Rear PLC
2209 Crestmoor Road, Ste. 310
Nashville, TN 37215
howell@mcolawfirm.com
seth@mcolawfirm.com
Ph. 615-724-6207
Fax 615-523-1311


*Counsel for Hubbell Industrial Controls, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served via hand delivery to:

    Wm. Kennerly Burger (BPR #3731)
    Burger Law Firm
    12 North Public Square
    Murfreesboro, TN 37130
    T: 615-893-8933
    F: 615-893-5333
    kenburger@comcast.net

                /s/ *William E. Bradley*