# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **TIMOTHY ALLEN ATCHISON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:24-cv-00922** |
| | ) | **Judge Trauger/Frensley** |
| **HUBBELL INDUSTRIAL CONTROLS, INC.,** | ) | |
| **Defendant.** | ) | |

## ORDER

## I.  INTRODUCTION

Plaintiff Timothy Allen Atchison brought this suit against his former employer, Defendant Hubbell Industrial Controls, Inc. ("Hubbell"), alleging that Hubbell is profiting from his intellectual property without compensating him as agreed.  Docket No. 37 (Amended Complaint).  Mr. Atchison contends that after Hubbell purchased Powerohm Resistors, Inc., the company where Mr. Atchison had worked for years, Hubbell "deceitfully removed Mr. Atchison, and the 'Power Electronics' joint venture, from its future business concerns, intending to adopt and convert Mr. Atchison's intellectual property for its own financial benefit."  *Id.* at 9-10 (citation modified).  Upon considering Hubbell's Motion to Dismiss, the Court dismissed all of Mr. Atchison's claims except the claim of unjust enrichment.  Docket Nos. 38, 39.

This matter is now before the Court upon Mr. Atchison's "Motion to Compel Discovery and for FRCP Rule 37 Sanctions."  Docket No. 53.[1]  Mr. Atchison has also filed supporting documents.  Docket Nos. 53-1 through 53-3.  Hubbell has filed a Response in Opposition and supporting documents.  Docket Nos. 56, 56-1 through 56-4.  For the reasons set forth below, Mr. Atchison's Motion (Docket No. 53) is **DENIED**.

---

[1] This document also comprises Mr. Atchison's Supporting Memorandum.

## II. LAW AND ANALYSIS

### A.    Discovery Requests and Motions to Compel

Discovery in federal court is governed by the Federal Rules of Civil Procedure, which provide that a party may request production of documents or other tangible items as long as the information sought is within the scope of discovery.  Fed. R. Civ. P. 34(a); *see also* Fed. R. Civ. P. 26(b)(1).  Interrogatories are covered by Rule 33, which provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).

In general, the scope of discovery extends to nonprivileged information that is relevant to any party's claim or defense, regardless of whether the information sought is admissible, that is "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  The Rules were amended, effective December 1, 2015, in part to address the alleged costs and abuses attendant to discovery.  Under Rule 26, "[t]here is now a specific duty for the court and the parties to consider discovery in the light of its 'proportional[ity] to the needs of the case . . . .'"  *Turner v. Chrysler Grp. LLC*, No. 3:14-1747, 2016 U.S. Dist. LEXIS 11133, at *2, (M.D. Tenn. Jan. 27, 2016), *quoting* Fed. R. Civ. P. 26(b)(1).  The following factors are relevant to a consideration of whether the scope of discovery is proportional:

> (1) the importance of the issues at stake in the action,
> (2) the amount in controversy,
> (3) the parties' relative access to relevant information,
> (4) the parties' resources,
> (5) the importance of the discovery in resolving the issues, and
> (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (numbering added).  "Nevertheless, the scope of discovery is, of course, within the broad discretion of the trial court."  *United States v. Carell*, No. 3:09-0445, 2011 U.S.

2

Dist. LEXIS 57435 at *5 (M.D. Tenn. May 26, 2011), *quoting Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (internal quotation marks omitted).

After making a good faith effort to resolve a dispute, a party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). The moving party "must demonstrate that the requests are relevant to the claims or defenses in the pending action." *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5, *quoting Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008) (internal quotation marks omitted). "Relevance for purposes of discovery is broadly construed and the information sought need not be admissible to be discoverable." *T.C. ex rel S.C. v. Metro Gov't of Nashville & Davidson Cty.*, No. 3:17-01098, 2018 WL 3348728, 2018 U.S. Dist. LEXIS 113517, at *17 (M.D. Tenn. July 9, 2018). "If relevancy is shown, the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules." *Carell*, 2011 U.S. Dist. LEXIS 57435, at *5 (internal quotation marks and citation omitted).

The Court has the authority under Rule 26(b)(2)(C) to limit the frequency or the extent of discovery otherwise allowed by the rules. The Sixth Circuit has observed that "the desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Surles v. Greyhound Lines, Inc.*, 474 F. 3d 288, 305 (6th Cir. 2007), *quoting Scales v. J. C. Bradford*, 925 F. 2d 901, 906 (6th Cir. 1996) (internal quotation marks omitted). As to the judge's role in discovery disputes, "[t]he revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery." *Surles,* 474 F. 3d at 305.

### B.      Mr. Atchison's Motion to Compel

As an initial matter, the Court notes that it is somewhat challenging to discern which of

Hubbell's discovery request responses are at issue. Mr. Atchison asserts that the following are his "specific complaints:"

> (a) The Defendants have failed to answer almost every relevant interrogatory submitted by Plaintiff, frivolously objecting to every question;
>
> (b) Defendant has failed (even to the present date) to provide a competent, sworn verification in support of Hubbell's interrogatory responses;
>
> (c) Defendant responded to specifically-focused, clearly-worded document production requests with many thousands of random pages—a classic, overwhelming and meaningless "document dump;" and
>
> (d) While permitting the request, Defendant continues to voice objection to Plaintiff's participation in noticed discovery depositions by remote video.

Docket No. 53, p. 3-4 (citation modified).

The remainder of Mr. Atchison's Motion is not organized by discovery request, but rather, includes a variety of arguments with occasional references to discovery requests. *See id.* at 5-13.

Ultimately, Mr. Atchison seeks:

> (a) An indefinite stay of any further discovery (three depositions have been completed, causing Plaintiff real preparation prejudice), until properly attested and meaningful fact answers are provided by a FRCP Rule 33-compliant, "knowledgeable" Hubbell representative;
>
> (b) Entry of an Order compelling Hubbell to provide a "knowledgeable representative" (as briefed) within 30 days of the Court's order, and a coherent itemization of documents (that can be identified and discussed by its representative) within 30 days thereafter;
>
> (c) An assessment of fees, or in the alternative, sanctions that would include the striking of the Defendant's Answer, and the granting of a default, in the event Hubbell continues to fail to provide (at this late stage in the discovery calendar) a "knowledgeable representative" upon which Plaintiff may rely as further

depositions proceed.

*Id.* at 13-14.

Hubbell argues that:

> Plaintiff's failure to follow proper procedure and the shifting nature of Plaintiff's demands and objections shows that these issues have not even been raised with Hubbell, let alone "exhaustively discussed" as alleged by the Plaintiff. Plaintiff's Motion should be denied on these grounds alone, and sanctions with an award for attorney's fees in favor of Hubbell are warranted.
>
> Plaintiff's objections to Hubbell's discovery responses are also not based in law. Hubbell has followed standard discovery procedures, by providing standard interrogatory objections and presenting any available evidence in its responses. Hubbell has made no improper privilege claims and should not be required to submit a privilege log for post-complaint actions or communications. Hubbell's verification page and document production were also proper.

Docket No. 56, p. 11 (citation modified).

### 1. Adequacy of the Parties' Pre-Filing Conference

Hubbell contends that "in the phone conference held between the parties, Plaintiff only specifically raised an issue with the verification page, and then generally objected to Hubbell's interrogatory objections and responses. Plaintiff did not raise any other specific discovery issue." Docket No. 56, p. 1 (citation modified). Hubbell argues that "a review of the Joint Discovery Statement and the Motion to Compel shows that Plaintiff's basis for objecting to Hubbell's discovery responses has totally changed from what was initially presented to Hubbell. The issues set forth in Plaintiff's Motion, therefore, were not previously raised, and no good faith effort to resolve these issues can be shown by Plaintiff." *Id.* at 7.

In the Parties' Joint Dispute Statement, Mr. Atchison identified the following unresolved discovery issues: inadequate verification; "deficient content," specifically, "Defendant has literally objected to every question submitted by the Plaintiff, directly addressing only very few substantive

5

facts"; "incomprehensible/unverified documents" comprising "a classic 'document dump,' without organization, description, or context"; and Hubbell's refusal to grant Mr. Atchison's counsel blanket permission to participate in all future depositions by remote video. Docket No. 52, p. 3-8. Mr. Atchison did not identify any specific deficiencies in any particular interrogatory response, only stating generally that "the content of Defendant's interrogatory responses is inadequate," and that the responses "were evasive and failed to provide the requested facts or information which renders them non-responsive." *Id.* at 6, 10.

To the extent that Hubbell argues that it is difficult (if not impossible) to remediate its discovery responses based on Mr. Atchison's filings, the Court agrees. But, the Court finds that the basic issues raised in Mr. Atchison's Motion are (more or less) the same ones that he identified in the Parties' Joint Dispute Statement, and presumably, in their pre-filing conference required by Local Rule 7.01. Further, the Court is not persuaded that requiring the Parties to meet again on these issues would yield greater clarity. Therefore, the Court finds that the requirement to meet and confer prior to filing the Motion has been satisfied, if only barely, and will proceed to consider the Motion on its merits.

## 2. Hubbell's Interrogatory Responses

### a) General Complaints

As set forth above, Mr. Atchison asserts generally that Hubbell has "failed to answer almost every relevant interrogatory submitted by Plaintiff, frivolously objecting to every question." Docket No. 53, p. 3, citing Docket No. 53-2 (Hubbell's Interrogatory Responses).

The Federal Rules of Civil Procedure impose the following requirements on a party responding to interrogatories:

**(1) *Responding Party.*** The interrogatories must be answered:

(A) by the party to whom they are directed; or

(B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

(2) **Time to Respond.** The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

(3) **Answering Each Interrogatory.** Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

(4) **Objections.** The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

(5) **Signature.** The person who makes the answers must sign them, and the attorney who objects must sign any objections.

Fed. R. Civ. P. 33(b).

The Court has reviewed Hubbell's Interrogatory Responses and finds that they appear to comply with these requirements. First, the interrogatories appear to have been answered by Stephen Paul, Hubbell's General Manager, Power Quality Solutions. *See* Docket No. 53-3. Hubbell asserts that Mr. Paul acted as its agent in doing so. Docket No. 56, p. 19. Second, Mr. Atchison does not contend that the interrogatories were not answered within the allotted time.[2] *See* Docket No. 53. Third, each interrogatory is either answered or objected to (or both) separately, in writing, and under oath. Docket No. 53-2, p. 5-18; Docket No. 53-3. While Mr. Atchison asserts generally that the interrogatories have not been answered "fully," he only identifies a few specific

---

[2] Mr. Atchison does state that the verification page was provided belatedly. Docket No. 53, p. 2-3.

deficiencies, addressed below.  Fourth, the objections are stated with specificity.  *Id.*  Fifth, Mr. Paul has signed the interrogatory responses, and Hubbell's attorney has signed the objections. Docket No. 53-3; Docket No. 53-2, p. 19.

### b)  Asserted Deficiencies in Specific Interrogatory Responses[3]

### (1)  Interrogatory No. 1

Interrogatory No. 1 requests that Hubbell "please identify by name and position, the representative person responding on behalf of Hubbell Industrial Controls, Inc., and state how the responding witness for Defendant possesses competent knowledge of the matters addressed below, within the meaning of FRE Rule 601."  Docket No. 53-2, p. 5-6.

Hubbell made objections, referred to its Verification Page, and stated:

> The individual executing the Verification Page has knowledge or has been informed based on the company's investigation and has the competency to testify about the information learned or the authenticity of the documents produced with the information that is known or reasonably available to the organization pursuant to Fed. R. Civ. P. 30(b)(6) in response to Plaintiff's discovery requests and may incorporate information provided by one or more employees or experts consulted in preparing the responses.

*Id.* at 6.

Mr. Atchison argues that the verification page "contains **no fact description whatsoever of the signatory's adequate knowledge**, and basically states the opposite.  That was the purpose of the simple interrogatory.  It remains needed for the pending deposition preparation."  Docket No. 53, p. 3 (citation modified; emphasis in original).  Mr. Atchison maintains that "no general descriptive facts are offered to support the broad conclusion, and later (in responses 7, 8, and 9) the flat refusal (on purported 'privilege') to offer a single factual statement to assure Plaintiff's

---

[3] As noted above, Hubbell maintains that Mr. Atchison did not raise any specific interrogatory response deficiencies in the Parties' pre-filing conference.  Docket No. 56, p. 8.

counsel that Mr. Paul knows anything whatsoever about the content of Hubbell's interrogatory responses." *Id.* at 9 (citation modified).

Hubbell asserts that its response to Interrogatory No. 1 "is the exact general description of the search conducted and documents reviewed that Plaintiff repeatedly alleges is absent from Hubbell's responses." Docket No. 56, p. 14. Hubbell argues that "this explanation, along with Hubbell's 26(a)(1) disclosures in Plaintiff's possession since May 5, 2025, provide more than adequate information on the basis for Hubbell's responses." *Id.* at 20 (citation modified).

The Court agrees. Interrogatory No. 1 asks how Mr. Paul has knowledge of the interrogatory responses, and Hubbell has provided a responsive answer. It could have been more detailed, but it is adequate. If Mr. Atchison would like further details, he is free to depose Mr. Paul and ask for them.

### (2) Interrogatory No. 3

Interrogatory No. 3 asks Hubbell to "set forth all reasons known to Defendant for Hubbell's termination of Timothy Allen Atchison by Defendant in June 2015." Docket No. 53-2, p. 7 (citation modified). Hubbell made objections and responded that "at present, given the passage of time, Defendant is unable to find a current employee with a first-hand recollection of the reasons for, or circumstances surrounding, the company's separation from Mr. Atchison. Defendant's investigation is continuing." *Id.* at 8 (citation modified).

Mr. Atchison argues that this response is insufficient, asking, "what diligent inquiry did the mysterious 'Mr. Paul' conduct, or have described to him, regarding the termination of a man whom each deposition witness in the case thus far has conceded to be Powerohm's and Hubbell's **most knowledgeable person in the company** on the design of Brake Power Modules." Docket No. 53, p. 8 (emphasis in original).

9

Hubbell reiterates that "if Plaintiff had raised this specific issue in the telephone conference or Joint Discovery Statement, Hubbell could have explained."  Docket No. 56, p. 18 (citation modified).  Hubbell expounds:

> At the time of responding to the interrogatories, Hubbell did not know about Plaintiff's firing because they are unable to locate his employee file after a diligent search.  It is believed to have been deleted after seven years in accordance with routine document retention policies as is standard with all employees.  No one involved with Plaintiff's firing remains at Hubbell, and those with any potential knowledge were interviewed and had no knowledge of why he was fired.
>
> Hubbell has recently learned that Plaintiff was fired for cause.  Ex. D at 34:7-35:21.  Hubbell will be updating its responses pursuant to FRCP 26(e)(1).

*Id.* (omitted footnotes add that the seven-year period of document retention "would have provided a buffer on the standard statute of limitations for cases such as this" and that the individuals interviewed "are listed in Hubbell's 26(a)(1) disclosures as appropriate").

The Court finds Hubbell's response to Interrogatory No. 3 to have been sufficient at the time it was made, and orders Hubbell to update its response to include any new information, as it has indicated it plans to do.

### (3)  Interrogatories Nos. 7-9

Interrogatories Nos. 7-9 are as follows:

> 7.  Set forth in detail below a description of all of Hubbell's investigative efforts performed by Hubbell since the filing of Plaintiff's Complaint, and which Defendant contends would reasonably support the Defendant's diligent pleading allegation that Plaintiff's claims are "frivolous."
>
> 8.  Identify each person (or other broadly-defined source) who (**prior to Hubbell's filing of its answer**) supplied information in response to the Defendant's post-Complaint investigation, and identify Hubbell's information that supports (as required by FRCP Rule 11) Hubbell's accusatory claims that Mr. Atchison's

10

Complaint allegations are unethically **"frivolous."**

> 9.     Identify every witness consulted by Defendant following Hubbell's receipt of the Complaint in the above-captioned matter, who has provided any information (considered material or not) relevant to the Defendant's post-Complaint investigation, and provide either (a) copies of any recorded statements from those potential witnesses; or (b) a context summary of every witness interviewed.

Docket No. 53-2, p. 11-12 (citation modified).   To each of these interrogatories, Hubbell responded:

> Defendant will not waive the attorney-client privilege or work-product immunity at this time.   Defendant directs Plaintiff to its 26(a)(1) disclosures for the witnesses and documents Defendant will use to support the allegation that Plaintiff's claims are frivolous.

*Id.*

Mr. Atchison contends that Hubbell "has provided not a single word of explanatory information," and instead:

> Hubbell states that, on a claim of "privilege" it has no duty to tell the Plaintiff the sources of Mr. Paul's knowledge; how he attempted to gather responsive information; and why (with September 2024 as their starting point) Hubbell cannot presently produce their documentation on that component "TA parts number" issue. Hubbell's counsel repeatedly assert that the facts are protected by **"attorney-client privilege,"** which, with no factual detail, is procedurally inadequate.

Docket No. 53, p. 5-6 (internal citation omitted; emphasis in original).   By including the text of Rule 26(b)(5)(A) and quoting two treatises, Mr. Atchison appears to argue that Hubbell should provide a privilege log if it withholds information responsive to these interrogatories on the basis of the attorney-client privilege or work-product protection.   *Id.* at 6.

Hubbell maintains that it "does not merely assert privilege and fail to otherwise respond" to these interrogatories, but instead "points directly to its 26(a)(1) disclosures to explain that this information was already provided to Plaintiff."   Docket No. 56, p. 14.   Hubbell argues that "any

additional information relating to Hubbell's investigation after the complaint was filed is protected under attorney client privilege or work product immunity." *Id.* at 15.

As to Mr. Atchison's apparent argument that Hubbell should provide a privilege log, Hubbell asserts that "these requests do not involve tangible items that can be put in a privilege log, but the mental impressions of Hubbell's counsel and actions taken to defend this litigation." *Id.* (citation modified). Hubbell reiterates that "the basic information of the witnesses interviewed and the documents consulted are presented in Hubbell's 26(a)(1) disclosures," and asserts that "any more detailed information is privileged." *Id.* (citation modified).

Rule 26 requires a party to provide a privilege log when it withholds "documents, communications, or tangible things." Fed. R. Civ. P. 26(b)(5)(A). As can be seen, Interrogatories Nos. 7-9 do not seek documents, communications, or tangible things; with the exception of Interrogatory No. 8 (which appears to request the same information that has been provided in Hubbell's Initial Disclosures) they seek "Hubbell's investigative efforts" and, to the extent witnesses were interviewed by Hubbell's attorneys, recorded statements or summaries of the interviews. Any recorded statements given to or summaries of interviews with attorneys would likely be protected attorney work-product. *See* Fed. R. Civ. P. 26(b)(3) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, or agent)"). Moreover, Hubbell asserts that it does not have any documents, communications, or tangible things that are responsive to the interrogatory; instead, the information that Mr. Atchison seeks is contained within the mind of Hubbell's attorneys. Docket No. 56, p. 16. Mr. Atchison has not demonstrated otherwise. The Court finds that no additional responses are required to Interrogatories Nos. 7-9, and no privilege log is necessary.

12

### 3. Hubbell's Document Production

Mr. Atchison contends that Hubbell "belatedly (after Defendant's deadline) offered a poorly-labeled, disorganized (also un-verified), classic 'document dump' of many thousands of pages." Docket No. 53, p. 3 (citation modified). Mr. Atchison does not identify any particular Request for Production that he contends has not been appropriately responded to. *See* Docket No. 53.

In addition to asserting that Mr. Atchison did not raise this issue in the Parties' conference, Hubbell responds that:

> Plaintiff requested over ten years' worth of marketing materials, technical information, and engineering data for an entire family of products. Due to the technical nature and file types of many of the documents, the documents were provided in native format organized in the folder structure in which they are stored by Hubbell. *This is the same format and organization provided by Plaintiff in response to Hubbell's requests*.

Docket No. 56, p. 10-11 (emphasis in original).

The Federal Rules provide for the production of documents or electronically stored information as follows:

> (i)      A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request:
>
> (ii)     If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii)    A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(B)(2)(e).

Hubbell appears to have produced documents as they are kept in the usual course of

business and a form in which they are ordinarily maintained, pursuant to Rule 34. Hubbell has provided a screenshot of the index of Hubbell's document production folders. Docket No. 56, p. 21. This index appears to be labeled and organized. *See id.* Mr. Atchison does not identify any particular deficiency in any specific response, and the Court finds that he has not demonstrated that Hubbell's document production is inadequate.

### 4. Hubbell's Verification

As noted above, Hubbell's discovery responses were verified by Stephen Paul, General Manager of Power Quality Solutions. *See* Docket No. 53-3. Mr. Paul stated:

> I am the General Manager of Power Quality Solutions for Hubbell Incorporated and have read the foregoing DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES. The responses set forth therein, subject to inadvertent or undiscovered error, as based upon and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these responses. The responses set forth therein are based on information and documents provided to me. Consequently, I reserve the right to make changes to these responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available. Subject to the limitations set forth herein, the responses are true to the best of my knowledge, information, and belief.

Docket No. 53-3 (citation modified).

Mr. Atchison maintains that this verification is inadequate:

> The need for some general identification of facts supporting Mr. Paul's conclusory "knowledge" of the subject matter remains necessary. Plaintiff must formulate ongoing deposition questioning on subjects that may be governed by the discovery of electronically-stored information, FRCP Rule 26(b)(2)(B), and FRCP Rule 37(e). Mr. Paul's purported verification **and Hubbell's responses to interrogatories 7-9 citing "attorney-client" privilege**, provide no slight hint of any factual basis on the important, above-cited disputed fact. The easy question to Mr. Paul: "Mr. Paul, briefly describe what you have examined; what is beyond your reach; and why?"

. . .

> Certainly, Plaintiff does not claim that the signature on the verification page for a corporate entity must attest to strict FRE Rule 601 non-hearsay, "personal knowledge" of the facts contained in the responses. That narrow view does not reflect the Plaintiff's position. However, when asked specifically to set forth at least some minimal factual basis for the corporate signatory's verification of the discovery responses upon which the opposing party must rely, Hubbell's present approach is manipulative and inadequate.

> . . .

> Mr. Paul appears to purposely avoid swearing to any substantive, fact-based responses by stating only that he has received **"information and documents provided to me,"** meaning that (in reviewing interrogatories 7, 8, and 9) Plaintiff is not entitled to any basic supporting **facts**, as Plaintiff attempts to properly prepare for future discovery, including Defendant's FRCP Rule 30(b)(6) corporate representative.

> . . .

> If challenged on his veracity, how could such evasiveness ever be the basis for holding Mr. Paul accountable? Whether Mr. Paul received his vague "information" from office gossip; the Hubbell mail room attendant; or Hubbell's parking lot attendants, remains a mystery.

Docket No. 53, p. 5, 8-9 (internal citation and numbering omitted; emphasis in original).

Hubbell argues that "it remains unclear what Hubbell can do to satisfy Plaintiff's request to alter the verification page," and the Court agrees. Rule 33 does not require that the person who signs the answers must provide the "factual basis" or "general descriptive facts" upon which the answers are based. *See* Fed. R. Civ. P. 33. Hubbell's verification is sufficient. The caselaw upon which Mr. Atchison relies for the proposition that a person who signs interrogatory responses must "set forth the efforts he used to obtain the information" is either out-of-Circuit or distinguishable from this matter. *See* Docket No. 53, p. 10-11.

15

In the only in-Circuit case cited, *Grae v. Corrections Corporation of America*, the Court ordered the defendant to identify the documents and communications it had relied upon in making public statements that were at the heart of the claims. *Grae v. Corrections Corp. of Am.*, No. 3:16-cv-2267, 2020 WL 6750806, at *5 (M.D. Tenn. Nov. 2, 2020). In contrast, the statements about which Mr. Atchison wants more information are Hubbell's interrogatory responses. In *Grae*, the Court found that any support relied on for the public statements was relevant to the claims and defenses in the case. *Id.* Mr. Atchison has not shown that the additional information he is requesting meets that standard of relevancy. *See* Docket No. 53. Instead, he appears to be seeking "discovery about discovery," which is generally only allowed when "a party's efforts to comply with proper discovery requests are reasonably drawn into question." *Allergan, Inc. v. Revance Therapeuatics, Inc.*, No. 3:23-431, 2025 U.S. Dist. LEXIS 148709, at *9 (M.D. Tenn. June 20, 2025) (citation modified). Mr. Atchison has not made such a showing here.

### 5.  Other Concerns

#### a)  Remote Video Participation in Depositions

As a "specific complaint," Mr. Atchison states that "while permitting the request, Defendant continues to voice objection to Plaintiff's participation in noticed discovery depositions by remote video." Docket No. 53, p. 4.

Hubbell maintains that Mr. Atchison "appears to have dropped his request for blanket permission for remote deposition participation," but "incorporates its comments in the Joint Discovery Statement and reserves the right to request supplemental briefing on the issue." Docket No. 56, p. 11 (internal citation omitted).

The Court finds that there is no current live controversy on the issue of remote video deposition participation. It appears that Hubbell has consented to Mr. Atchison's counsel's remote

16

participation in all of the depositions that have already taken place, but is unwilling to agree to a universal practice of remote participation. Docket No. 52, p. 13-14. If this issue presents itself in the future, the Parties may seek guidance from the Court.

### b) Request for Stay of Discovery

Mr. Atchison seeks "an indefinite stay of any further discovery until properly attested and meaningful fact answers are provided by a FRCP Rule 33-compliant, 'knowledgeable' Hubbell representative." Docket No. 53, p. 13 (citation modified; emphasis in original).

While the Court has the inherent discretionary power to stay proceedings as part of its ability to manage its docket, it must "tread carefully" in doing so, because every party has a "right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. USDC S.D. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977), *citing Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) (same). And the Local Rules of this District specifically advise that "[d]iscovery is not stayed, including during the pendency of dispositive motions, unless specifically authorized by Fed. R. Civ. P. 26(d) or by order of the Court, or with regard to e-discovery, as outlined in Administrative Order 174-1." LR 16.01(g).

As discussed above, Hubbell's verification is sufficient and Mr. Atchison has not shown that its discovery responses are inadequate. Even if he had, a stay would not be the appropriate remedy to address the deficiencies. This case is set for trial in four months. Docket No. 47. The Parties need to complete discovery and prepare their cases. Discovery will proceed as scheduled.

### c) Requests for Sanctions

Mr. Atchison requests fees and additional sanctions, including striking Hubbell's Answer and default judgment. Docket No. 53, p. 14. Because the Court denies Mr. Atchison's Motion in full, no fees or other sanctions will be awarded to him.

Hubbell requests "an award of sanctions and attorneys' fees pursuant to Rule 37(a)(5)(B)." Docket No. 56, p. 22. Hubbell argues that:

> Plaintiff has violated clear obligations under the Court's rules and the Case Management Order, resulting in unnecessary litigation costs and delays. The imposition of sanctions and an award of attorneys' fees is warranted to remedy the burden and expense improperly placed on Hubbell and to deter similar conduct in the future. No correction by the Court or request by Hubbell has had any effect on Plaintiff who continues in a vexatious nature to violate the rules and attempt to increase the costs and burden on Hubbell. These actions will clearly continue until sanctions are awarded.

*Id.*

Rule 37 instructs that if a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). "But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

Mr. Atchison does not address Hubbell's request for fees and expenses. *See* Docket No. 53. The Court will not decide the issue without giving him an opportunity to be heard. Therefore, no later than November 26, 2025, Mr. Atchison may file a brief setting forth his opposition. This brief must be no longer than five (5) pages, and must be directed to the question of whether the motion was substantially justified or other circumstances make an award of expenses unjust.

## III.  CONCLUSION

For the foregoing reasons, Mr. Atchison's Motion (Docket No. 53) is **DENIED**. If it has not already done so, no later than November 26, 2025, Hubbell must update its response to Interrogatory No. 3.

18

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

19