| | |
|---|---|
| TIMOTHY ALLEN ATCHISON, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:24-cv-922 |
| ) | |
| v. ) | |
| ) | Judge Trauger |
| HUBBELL INDUSTRIAL ) | |
| CONTROLS, INC., ) | Magistrate Judge Frensley |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

1. In response to the Court's directive in the Order that denied Mr. Atchison's Motion to Compel (Doc. 60), Plaintiff Atchison provides the following statement setting forth the reasons that support declining any assessment of attorney's fees pursuant to FRCP Rule 37(a)(5)(B). The Court's Order affords the Plaintiff an opportunity to be heard regarding whether the motion was substantially justified or why related circumstances would make such an award of expenses unjust (see Doc. 60, Page 18 of 19, Page ID # 915).

2. Concisely summarized, Mr. Atchison's claims are factually and legally complex. Plaintiff is facing an April 14, 2026, trial date. Plaintiff answered all interrogatories without objection, and has supplemented the Defendant's document production request once, with a second supplement (containing recently-located materials) to be delivered shortly. Conversely, as emphasized in the Plaintiff's initial motion, the Defendant has objected to every interrogatory. As Mr. Atchison has attempted to gather necessary information that is exclusively within the possession of Hubbell (specifically as it relates to his termination shortly after he surrendered his personal technical files), Plaintiff has been unsuccessful in obtaining even minimal facts about

what Hubbell may plan to present at trial on that pivotal issue. No Hubbell responses address that question. Plaintiff has also attempted to deal with that time-urgent discovery by efforts to expedite the deposition of any Hubbell FRCP Rule 30(b)(6) representative witness. The first request was submitted May 19, 2025, followed by a second inquiry on July 8, 2025. A "topics of inquiry" summary (listing 38 items, including the termination issue) was forwarded August 31, 2025, and supplemented September 4, 2025.

3. In the Court's Order (Doc. 60), the Court notes that Mr. Atchison's motion to compel was denied "in full" (Page 17 of 19, Page ID # 914). However, the Court correctly identifies the present inadequacy in Hubbell's answer to Plaintiff's "Interrogatory No. 3." (Page 9 of 19, Page ID # 906). Surely Hubbell has some document in its business records that would document the reason for the termination of one of its design engineers.[1]

4. The difficult history of the case confirms that the filing of the Motion to Compel, on the termination issue alone, was reasonable and presented in good faith. Despite the Court's overall denial of the Motion, the Court ordered Hubbell to update its response **"…to include any new information, as it has indicated it plans to do so."** (Doc. 60, Page 10 of 19, Page ID # 907). As of this date, Hubbell has provided no information on that important topic following its June 27, 2025, interrogatory responses. Interrogatory No. 3 requested that Hubbell state "all reasons known" for Mr. Atchison's termination. Hubbell responded:

> **"Defendant objects to this interrogatory as irrelevant in not reasonably calculated to lead to admissible evidence. Defendant objects to this interrogatory as vague, ambiguous, and unduly burdensome as it requests**

---

[1] State unemployment compensation laws such as T.C.A. § 50-7-701 require that employer records be generated and preserved. Similarly, it seems logical that some person within Hubbell's relatively small "power electronics" division would have some recollection of the reason for the abrupt 2015 terminations of Mr. Atchison and his Kentucky "power electronics" team, as Hubbell made the decision to move that expanding division from Covington, Kentucky, to Archdale, North Carolina.

> **knowledge and specifics of personnel decisions made 10 years ago and involved individuals no longer with or accessible to the company. Defendant objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or other immunity. Subject to the foregoing and General Objections, Defendant states:**
>
> **At present, given the passage of time, Defendant is <u>unable to find a current employee with a first-hand</u> recollection of the reasons for, or circumstances surrounding, the company's separation from Mr. Atchison. Defendant's investigation is continuing."** (emphasis added)

5. There is no mention in the Hubbell answer about company personnel records. When the efforts to explore the basis for that response were pursued in the Plaintiff's "topics summary" for Hubbell's FRCP Rule 30(b)(6) witness, Plaintiff's attempts remained unsuccessful. Mr. Atchison's motion to compel Hubbell's description of the details of any diligent inquiry was filed August 1, 2025. At this point, Plaintiff is left with the option of objecting at trial to Hubbell's attempts to submit any later-located information on that important subject, as the firing will be shown to be closely related to Hubbell's gathering of Mr. Atchison's personal (pre-Powerohm/Hubbell) technical notebooks. The Court's direction to Hubbell to supplement its unanswered Interrogatory No. 3 is a "reasonable justification" for the filing of the Motion to Compel.

6. The allowance of attorney's fees and expenses against a party who has unsuccessfully submitted a discovery-related motion to compel permits a broad discretionary review by the Court. The standard is not based upon a requirement for bad faith or malice. Conversely, the standard for determining whether a motion to compel is substantially justified is whether it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action. See *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 766 (6th Cir. 2005); and *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

7. The *Doe* case is discussed in this Court's review of a similar application in *Second Ave Museum, LLC, v. RDN Heritage, LLC*, 2022 WL 18639032 (M.D. Tenn. 2022).

> "Moreover, with respect to RDN's objection that the Magistrate Judge appeared to apply a subjective standard, Rule 37 itself refers to 'other circumstances' that might 'make an award of expenses unjust.' [FRCP] 37(a)(5)(B). The Sixth Circuit, in addressing whether a district court has abused its discretion in *granting* a request for attorney's fees under Rule 37, considers, among other factors, whether a party's 'failure to cooperate in discovery is due to willfulness, bad faith, or fault.' *Doe*, 407 F.3d at 766 (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). Consequently, it would seem axiomatic that this factor is relevant to a determination of whether to award fees in the first instance. Thus, the Magistrate Judge did not err as a matter of law in considering the presence or absence of bad faith no the party of Second Ave in determining that a fee award was not warranted." *Id.* at *4.

8. Summarized: facing a looming trial date, in which the Plaintiff will possess the burdens of production and proof on several problematic fact issues, Plaintiff's Motion to Compel was presented in good faith, and was substantially justified in the context of the above-referenced cases. The subject matter of the (still-unresolved) inquiry is time-urgent, and important for the case preparation: what reason motivated the employer to terminate one of Powerohm/Hubbell's premier design engineers, whose multi-year employment record reflected consistently high-performance reviews? It is the same threshold fact inquiry emphasized in the Plaintiff's initial motion, and reviewed in a similar discussion in *Hawkins v. Maury County Board of Education*, 2018 WL 11476224 (M.D. Tenn. 2018) (cited in Doc. 53 at Page I.D. #569). Plaintiff requests that the Court deny Hubbell's application for attorney's fees in responding to the Motion to Compel. While generally denying the Motion, the Court granted the Plaintiff partial relief in directing the Defendant to further respond to Interrogatory No. 3.

4

Respectfully submitted,

***/s/Wm Kennerly (Ken) Burger***
Wm Kennerly (Ken) Burger, BPR # 3731
Attorney for Plaintiff
12 North Public Square
Murfreesboro, TN 37130
Telephone: (615) 893-8933
Facsimile: (615) 893-5333
kenburger@comcast.net

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served via email on the 25th day of November, 2025.

William E. Bradley (*pro hac vice*)
Kyle G. Hepner (*pro hac vice*)
Robinson & Cole LLP
1201 Pennsylvania Avenue, NW, Ste. 820
Washington, DC 20004
wbradley@rc.com
khepner@rc.com
Ph. 771-213-5602

Howell O'Rear (BPR #26509)
Seth M. McInteer (BPR #26471)
McInteer & O'Rear PLC
2209 Crestmoor Road, Ste. 310
Nashville, TN 37215
howell@mcolawfirm.com
seth@mcolawfirm.com
Ph. 615-724-6207
Fax 615-523-1311

***/s/Wm Kennerly (Ken) Burger***